## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

JACKSONVILLE BRANCH OF THE
NAACP; NORTHSIDE COALITION
OF JACKSONVILLE, INC.; ACLU OF
FLORIDA NORTHEAST CHAPTER;
FLORIDA RISING TOGETHER, INC.;
MARCELLA WASHINGTON;
INGRID MONTGOMERY; AYESHA
FRANKLIN; TIFFANIE ROBERTS;
ROSEMARY McCOY; SHELIA
SINGLETON; EUNICE BARNUM;
JANINE WILLIAMS; HARAKA
CARSWELL; and DENNIS BARNUM

      Plaintiffs,               Case No.:  3:22-cv-493-MMH-LLL

v.

CITY OF JACKSONVILLE and
MIKE HOGAN, in his official capacity
as Duval County Supervisor of Elections,

      Defendants.

_____/

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

Defendants, the City of Jacksonville ("City") and Mike Hogan, in his

official capacity as the Duval County Supervisor of Elections (collectively,

"Defendants"), by and through their undersigned counsel, answer the

correspondingly numbered paragraphs of the Complaint filed by Plaintiffs

Jacksonville Branch of the NAACP, Northside Coalition of Jacksonville, Inc.,

ACLU of Florida Northeast Chapter, Florida Rising Together, Inc., Marcella

Washington, Ingrid Montgomery, Ayesha Franklin, Tiffanie Roberts, Rosemary McCoy, Shelia Singleton, Eunice Barnum, Janine Williams, Haraka Carswell, and Dennis Barnum (collectively, the "Plaintiffs") as follows:

1.     Defendants admit the allegations.

2.     Defendants admit that a recording of the meeting referenced in this paragraph speaks for itself.  Defendants otherwise deny the allegations.

3.     Defendants admit that Plaintiffs are challenging seven City Council districts.  Defendants otherwise deny the allegations.

4.     Defendants admit that *Miller v. Johnson*, 515 U.S. 900 (1995), the Fourteenth Amendment of the United States Constitution, and the principles of law arising therefrom speak for themselves.  Defendants otherwise deny the allegations.

5.     Defendants admit that recordings of the meetings referenced in this paragraph speak for themselves. Defendants otherwise deny the allegations.

6.     Defendants deny the allegations.

7.     Defendants admit that Ordinance 2022-0001-E and its exhibits speak for themselves. Defendants otherwise deny the allegations.

8.     Defendants deny the allegations.

9.     Defendants admit that a recording of the meeting referenced in this paragraph, and Ordinance 2022-0001-E and its exhibits speak for themselves.  Defendants otherwise deny the allegations.

10.    Defendants admit that Section 2 of the Voting Rights Act and the principles of law associated with it speak for themselves.  Defendants otherwise deny the allegations.

11.    Defendants admit that Section 2 of the Voting Rights Act and the principles of law associated with it speak for themselves.  Defendants otherwise deny the allegations.

12.    Defendants admit that a recording of the meeting referenced in this paragraph speaks for itself.  Defendants otherwise deny the allegations.

13.    Defendants admit that Plaintiffs have challenged Duval County School Board Districts 4, 5, and 6, and that Ordinance 2022-0001-E and its exhibits speak for themselves. Defendants otherwise deny the allegations.

14.    Defendants admit that the Charter of the City of Jacksonville speaks for itself.  Defendants otherwise deny the allegations.

**PARTIES**

15.    Defendants are without knowledge to be able to admit or deny the allegations.

16.    Defendants are without knowledge to be able to admit or deny the allegations.

17.     Defendants specifically deny that its City Council and School Board Districts are unconstitutionally racially gerrymandered districts. Defendants are otherwise without knowledge, and therefore deny, the allegations.

18.     Defendants are without knowledge to be able to admit or deny the allegations.

19.     Defendants are without knowledge to be able to admit or deny the allegations.

20.     Defendants are without knowledge to be able to admit or deny the allegations.

21.     Defendants specifically deny that its City Council and School Board Districts are unconstitutionally racially gerrymandered districts. Defendants are otherwise without knowledge, and therefore deny, the allegations.

22.     Defendants are without knowledge to be able to admit or deny the allegations.

23.     Defendants are without knowledge to be able to admit or deny the allegations.

24.     Defendants are without knowledge to be able to admit or deny the allegations.

25.     Defendants specifically deny that its City Council and School Board Districts are unconstitutionally racially gerrymandered districts. Defendants are otherwise without knowledge, and therefore deny, the allegations.

26.     Defendants are without knowledge to be able to admit or deny the allegations.

27.     Defendants are without knowledge to be able to admit or deny the allegations.

28.     Defendants specifically deny that its City Council and School Board Districts are unconstitutionally racially gerrymandered districts. Defendants are otherwise without knowledge, and therefore deny, the allegations.

29.     Defendants are without knowledge to be able to admit or deny the allegations.

30.     Defendants are without knowledge to be able to admit or deny the allegations.

31.     Defendants are without knowledge to be able to admit or deny the allegations.

32.     Defendants are without knowledge to be able to admit or deny the allegations.

33.     Defendants are without knowledge to be able to admit or deny the allegations.

34.     Defendants are without knowledge to be able to admit or deny the allegations.

35.     Defendants are without knowledge to be able to admit or deny the allegations.

36.     Defendants are without knowledge to be able to admit or deny the allegations.

37.     Defendants are without knowledge to be able to admit or deny the allegations.

38.     Defendants are without knowledge to be able to admit or deny the allegations.

39.     Defendants specifically deny that its City Council and School Board Districts are unconstitutionally racially gerrymandered districts. Defendants are without knowledge to be able to admit or deny the allegations relating to the Plaintiffs' residence in the challenged Districts.  Defendants otherwise deny the allegations.

40.     Defendants admit the allegations.

41.     Defendants admit the allegations.

## JURISDICTION AND VENUE

42.    Defendants admit for jurisdictional purposes only that the Court has jurisdiction over Count One.  Defendants further admit that 28 U.S.C. §§ 1331, 1343, 1367, 2201, and 2202 and §§ 42 U.S.C. 1983 and 1988 speak for themselves.  Defendants deny that the Court has supplemental jurisdiction over Count Two.  Any remaining allegations are denied.

43.    Defendants admit the allegations for purposes of venue only.

44.    Defendants admit the allegations for purposes of venue only.

45.    Defendants admit the allegations.

## FACTS

46.    Defendants admit that the Charter of the City of Jacksonville speaks for itself.   Defendants otherwise deny the allegations.

47.    Defendants admit that the Charter of the City of Jacksonville speaks for itself.   Defendants otherwise deny the allegations.

48.    Defendants admit that Ordinance 2022-0001-E and its exhibits speak for themselves.  Defendants otherwise deny the allegations.

## I.    Brief Overview of Jacksonville's Redistricting Process

49.    Defendants admit the allegations.

50.    Defendants admit that on July 2, 2021, Council President Samuel Newby initiated the Second Special Committee on Redistricting, that Councilman Aaron Bowman chaired the Committee, and that Councilmembers

7

Garrett Dennis, Danny Becton, Brenda Priestly Jackson, and Randy White were appointed as members.   Defendants admit that Councilman Danny Becton was subsequently appointed as the vice chair of the Committee, and that two School Board members attended the meetings and provided input in the redistricting process as it related to the School Board districts.  Defendants otherwise deny the allegations.

51.   Defendants admit that the second Redistricting Committee appointed Mr. Killingsworth, Jacksonville's Director of Planning and Development, to serve as the Committee's redistricting consultant, and that Mr. Killingsworth presented the Committee with proposed plans and drew districting proposals based on feedback.   Defendants otherwise deny the allegations.

52.   Defendants admit the allegations.

53.   Defendants admit the allegations.

54.   Defendants admit the allegations.

55.   Defendants admit that the Redistricting Committee submitted its proposed map to the City Council and that Ordinance 2022-0001-E was referred to the Rules Committee on January 11, 2022. Defendants otherwise deny the allegations.

56.   Defendants admit the allegations.

57.    Defendants admit that the Rules Committee discussed the proposed map during its March 1 and 15, 2022 regular committee meetings. Defendants otherwise deny the allegations.

58.    Defendants admit the allegations, including footnote 2.

59.    Defendants admit the allegations.

## II. Redistricting Criteria

60.    Defendants deny the allegations.

61.    Defendants admit that the Charter of the City of Jacksonville and the City of Jacksonville Ordinance Code speak for themselves.  Defendants otherwise deny the allegations.

62.    Defendants admit that recordings of the meetings referenced in this paragraph speaks for themselves. Defendants otherwise deny the allegations.

63.     Defendants admit that the Committee's instructions to Mr. Killingsworth included: (1) starting with existing districts; (2) not drawing incumbent City Council members or School Board members out of their districts; and (3) minimizing river crossings to the extent possible.  Defendants otherwise deny the allegations.

64.    Defendants deny the allegations.

65.     Defendants admit that Ordinance 2022-0001-E and its exhibits, and Mr. Killingsworth's districting proposals speak for themselves. Defendants otherwise deny the allegations

66.     Defendants deny the allegations.

67.     Defendants admit that a recording of the meeting referenced in this paragraph speaks for itself.  Defendants otherwise deny the allegations.

68.     Defendants deny the allegations.

69.     Defendants deny the allegations.

70.     Defendants admit that recordings of the meetings referenced in this paragraph speak for themselves. Defendants otherwise deny the allegations.

71.     Defendants admit that recordings of the meetings referenced in this paragraph, and documents authored by the City's Office of General Counsel speak for themselves.  Defendants otherwise deny the allegations.

72.     Defendants deny the allegations.

73.     Defendants deny the allegations.

74.     Defendants deny the allegations.

### III. Racial Predomination During the Line-Drawing Process

75.     Defendants deny the allegations.

76.     Defendants admit that the February 23, 2021 memorandum speaks for itself.  Defendants otherwise deny the allegations.

77.     Defendants deny the allegations.

78.     Defendants deny the allegations.

79.     Defendants deny the allegations.

80.     Defendants admit that recordings of the meetings referenced in this paragraph, and Mr. Killingsworth's districting proposals speak for themselves.  Defendants otherwise deny the allegations.

81.     Defendants admit that recordings of the meetings referenced in this paragraph speak for themselves. Defendants otherwise deny the allegations.

82.     Defendants admit that Mr. Killingsworth's districting proposals speak for themselves.  Defendants otherwise deny the allegations.

83.     Defendants deny the allegations.

84.     Defendants admit that Ordinance 2022-0001-E and its exhibits, and Mr. Killingsworth's districting proposals speak for themselves. Defendants otherwise deny the allegations.

85.     Defendants admit that Mr. Killingsworth's districting proposals speak for themselves.  Defendants otherwise deny the allegations.

### A. The September 9, 2021, Member-to-Member Meeting

86.     Defendants admit that a recording of the meeting referenced in this paragraph speaks for itself.  Defendants otherwise deny the allegations.

87.     Defendants admit the allegations.

88.     Defendants deny the allegations.

89.     Defendants admit that Councilwoman Priestly Jackson is the councilmember for District 10, that she served on both Special Committees on Redistricting, that she chairs the Rules Committee, and that she convened the North/West Jacksonville member-to-member meetings.  Defendants otherwise deny the allegations.

90.     Defendants admit that a recording of the meeting referenced in this paragraph speaks for itself.  Defendants otherwise deny the allegations.

91.     Defendants admit that a recording of the meeting referenced in this paragraph speaks for itself.  Defendants otherwise deny the allegations.

92.     Defendants admit that a recording of the meeting referenced in this paragraph speaks for itself.  Defendants otherwise deny the allegations.

93.     Defendants admit that a recording of the meeting referenced in this paragraph speaks for itself.  Defendants otherwise deny the allegations.

94.     Defendants admit that the article referenced in footnote 3 speaks for itself.  Defendants otherwise deny the allegations.

95.     Defendants deny the allegations.

96.     Defendants admit that a recording of the meeting referenced in this paragraph speaks for itself.  Defendants otherwise deny the allegations.

97.     Defendants admit that a recording of the meeting referenced in this paragraph speaks for itself.  Defendants otherwise deny the allegations.

98.    Defendants admit that a recording of the meeting referenced in this paragraph speaks for itself.  Defendants otherwise deny the allegations.

99.    Defendants admit that a recording of the meeting referenced in this paragraph speaks for itself.  Defendants otherwise deny the allegations.

### B. The September 23, 2021, Member-to-Member Meeting

100.   Defendants deny the allegations, including footnote 4.

101.   Defendants admit that a recording of the meeting referenced in this paragraph speaks for itself.  Defendants otherwise deny the allegations.

### C. The September 27, 2021, Redistricting Committee Meeting

102.   Defendants admit that the Redistricting Committee met on September 27, 2021.  Defendants otherwise deny the allegations.

103.   Defendants admit that a recording of the meeting referenced in this paragraph, and Mr. Killingsworth's districting proposals speak for themselves.  Defendants otherwise deny the allegations.

104.   Defendants deny the allegations.

105.   Defendants admit that a recording of the meeting referenced in this paragraph, and Mr. Killingsworth's districting proposals speak for themselves.  Defendants otherwise deny the allegations.

106.   Defendants admit that Ordinance 2022-0001-E and its exhibits, and Mr. Killingsworth's districting proposals speak for themselves. Defendants otherwise deny the allegations, including footnote 5.

107.   Defendants admit that a recording of the meeting referenced in this paragraph, and Mr. Killingsworth's districting proposals speak for themselves.  Defendants otherwise deny the allegations.

108.   Defendants admit that a recording of the meeting referenced in this paragraph, Ordinance 2022-0001-E and its exhibits, and Mr. Killingsworth's districting proposals speak for themselves.   Defendants otherwise deny the allegations.

109.   Defendants admit that a recording of the meeting referenced in this paragraph, and Ordinance 2022-0001-E and its exhibits speak for themselves.  Defendants otherwise deny the allegations.

110.   Defendants admit that a recording of the meeting referenced in this paragraph, and Mr. Killingsworth's districting proposals speak for themselves.  Defendants otherwise deny the allegations.

111.   Defendants admit that a recording of the meeting referenced in this paragraph, and Mr. Killingsworth's districting proposals speak for themselves.  Defendants otherwise deny the allegations.

112.   Defendants deny the allegations.

113.   Defendants admit that Mr. Killingsworth's districting proposals speak for themselves.  Defendants otherwise deny the allegations.

114. Defendants admit that a recording of the meeting referenced in this paragraph, and Mr. Killingsworth's districting proposals speak for themselves. Defendants otherwise deny the allegations.

115. Defendants deny the allegations.

### D. The October 21, 2021, Member-to-Member Meeting

116. Defendants admit that a recording of the meeting referenced in this paragraph speaks for itself. Defendants otherwise deny the allegations.

117. Defendants admit that Ordinance 2022-0001-E and its exhibits, and Mr. Killingsworth's districting proposals speak for themselves. Defendants otherwise deny the allegations.

### E. The October 28 and December 6, 2021 Redistricting Committee Meetings

118. Defendants admit that a recording of the meeting referenced in this paragraph speaks for itself. Defendants otherwise deny the allegations.

119. Defendants admit that a recording of the meeting referenced in this paragraph speaks for itself. Defendants otherwise deny the allegations.

120. Defendants admit that a recording of the meeting referenced in this paragraph speaks for itself. Defendants otherwise deny the allegations.

121. Defendants admit that racial population data can be a consideration in redistricting. Defendants otherwise deny the allegations.

### F. The Rules Committee

122.   Defendants deny the allegations.

123.   Defendants admit that a recording of the meeting referenced in this paragraph speaks for itself.  Defendants otherwise deny the allegations.

124.   Defendants admit that a recording of the meeting referenced in this paragraph speaks for itself.  Defendants otherwise deny the allegations.

125.   Defendants admit that the Tweets cited in the Complaint speak for themselves.  Defendants otherwise deny the allegations.

126.   Defendants deny the allegations.

### G. Final Passage in the Full Council

127.   Defendants admit that a recording of the meeting referenced in this paragraph speaks for itself.  Defendants otherwise deny the allegations.

128.   Defendants admit that a recording of the meeting referenced in this paragraph speaks for itself.  Defendants otherwise deny the allegations.

129.   Defendants admit that a recording of the meeting referenced in this paragraph speaks for itself.  Defendants otherwise deny the allegations.

130.   Defendants admit that a recording of the meeting referenced in this paragraph speaks for itself.  Defendants otherwise deny the allegations.

131.   Defendants admit that a recording of the meeting referenced in this paragraph and that Ordinance 2022-0001-E and its exhibits speak for themselves.  Defendants otherwise deny the allegations.

16

## IV. The Lack of Narrow Tailoring
## to Achieve a Compelling Interest in Racial Predominance

132.   Defendants admit that *Cooper v. Harris*, 137 S.Ct. 1455 (2017), the Voting Rights Act, and the principles of law arising therefrom, speak for themselves.  Defendants otherwise deny the allegations.

133.   Defendants admit that *Wright v. Sumter County Board of Elections & Registration*, 979 F.3d 1282 (11th Cir. 2020), and the article referenced in footnote 7 speak for themselves.  Defendants further admit that City Council used total population figures in connection with the districting proposals. Defendants otherwise deny the allegations, including footnote 7.

134.   Defendants admit that *Wright v. Sumter County Board of Elections & Registration*, 979 F.3d 1282 (11th Cir. 2020) speaks for itself.  Defendants otherwise deny the allegations, including footnote 8.

135.   Defendants admit that recordings of the meetings referenced in this paragraph speak for themselves. Defendants otherwise deny the allegations.

136.   Defendants admit that a recording of the meeting referenced in this paragraph speaks for itself.  Defendants otherwise deny the allegations.

137.   Defendants admit that the letter and recording of the meeting referenced in this paragraph speak for themselves.  Defendants otherwise deny the allegations.

138.   Defendants admit that the letter and report referenced in this paragraph speak for themselves.  Defendants otherwise deny the allegations.

139.   Defendants admit that the report referenced in this paragraph speaks for itself.  Defendants otherwise deny the allegations.

140.   Defendants admit that the report referenced in this paragraph speaks for itself.  Defendants otherwise deny the allegations.

141.   Defendants admit that the report referenced in this paragraph speaks for itself.  Defendants otherwise deny the allegations.

142.   Defendants admit that the report referenced in this paragraph speaks for itself.  Defendants otherwise deny the allegations.

143.   Defendants admit that the report referenced in this paragraph speaks for itself.  Defendants otherwise deny the allegations.

144.   Defendants admit that the letter and report referenced in this paragraph speak for themselves.  Defendants otherwise deny the allegations.

145.   Defendants admit Ms. Johnston – along with each City Council and School Board member – received an email with the report and letter referenced in footnote 9 attached approximately 1.5 hours before the February 10, 2022 Rules Committee Public Hearing Meeting at First Coast High School Auditorium, and that Ms. Johnston brought a copy of the letter with her to the meeting.  Defendants further admit that the Twitter link speaks for itself.  Defendants otherwise deny the allegations.

18

146.   Defendants admit that recordings of the meetings referenced in this paragraph speak for themselves. Defendants otherwise deny the allegations.

147.   Defendants admit that recordings of the meetings referenced in this paragraph speak for themselves. Defendants otherwise deny the allegations.

148.   Defendants deny the allegations.

149.   Defendants deny the allegations.

150.   Defendants deny the allegations.

## V. Districts 2, 7, 8, 9, 10, 12, and 14 are Racially Gerrymandered

151.   Defendants deny the allegations.

152.   Defendants deny the allegations.

153.   Defendants deny the allegations.

154.   Defendants deny the allegations.

### *A. Bizarre Shapes*

155.   Defendants admit that Ordinance 2022-0001-E and its exhibits speak for themselves. Defendants otherwise deny the allegations.

156.   Defendants admit that Ordinance 2022-0001-E and its exhibits speak for themselves. Defendants otherwise deny the allegations.

157.   Defendants admit that Ordinance 2022-0001-E and its exhibits speak for themselves. Defendants otherwise deny the allegations.

19

158.   Defendants admit that Ordinance 2022-0001-E and its exhibits speak for themselves. Defendants otherwise deny the allegations.

### B. Non-Compactness

159.   Defendants admit that Ordinance 2022-0001-E and its exhibits, and the chart created by Plaintiffs speak for themselves. Defendants are otherwise without knowledge, and therefore deny, the allegations.

160.   Defendants admit that Ordinance 2022-0001-E and its exhibits, and the chart created by Plaintiffs speak for themselves. Defendants are otherwise without knowledge, and therefore deny, the allegations.

161.   Defendants admit that Ordinance 2022-0001-E and its exhibits, and the chart created by Plaintiffs speak for themselves. Defendants are otherwise without knowledge, and therefore deny, the allegations.

162.   Defendants admit that Ordinance 2022-0001-E and its exhibits, and the chart created by Plaintiffs speak for themselves. Defendants are otherwise without knowledge, and therefore deny, the allegations.

163.   Defendants admit that Ordinance 2022-0001-E and its exhibits speaks for itself.  Defendants otherwise deny the allegations.

### C. Splintered Neighborhoods

164.   Defendants admit that Ordinance 2022-0001-E and its exhibits speak for themselves.  Defendants otherwise deny the allegations.

165.   Defendants admit that Ordinance 2022-0001-E and its exhibits speak for themselves.  Defendants otherwise deny the allegations.

166.   Defendants admit that Ordinance 2022-0001-E and its exhibits speak for themselves.  Defendants otherwise deny the allegations.

167.   Defendants admit that Ordinance 2022-0001-E and its exhibits speak for themselves.  Defendants otherwise deny the allegations, including footnote 10.

168.   Defendants deny the allegations.

169.   Defendants deny the allegations.

170.   Defendants deny the allegations.

## VI. Racial Gerrymandering in Specific Districts and District Boundaries

171.   Defendants deny the allegations.

### *A. District 8*

172.   Defendants deny the allegations.

173.   Defendants admit that Ordinance 2022-0001-E and its exhibits speak for themselves.  Defendants otherwise deny the allegations.

174.   Defendants admit that Ordinance 2022-0001-E and its exhibits speak for themselves.  Defendants otherwise deny the allegations.

175.   Defendants admit that Ordinance 2022-0001-E and its exhibits speak for themselves.  Defendants otherwise deny the allegations.

176.   Defendants admit that Ordinance 2022-0001-E and its exhibits speak for themselves.  Defendants otherwise deny the allegations.

177.   Defendants admit that recordings of the meetings referenced in this paragraph speak for themselves. Defendants otherwise deny the allegations.

178.   Defendants admit that a recording of the meetings referenced in this paragraph, and the article and Guidance Concerning Redistricting Under Section 5 of the Voting Rights Act referenced in footnote 11, speak for themselves.  Defendants otherwise deny the allegations.

179.   Defendants admit that a recording of the meeting referenced in this paragraph, and Mr. Killingsworth's districting proposals speak for themselves.  Defendants otherwise deny the allegations.

180.   Defendants admit that a recording of the meeting referenced in this paragraph speaks for itself.  Defendants otherwise deny the allegations.

181.   Defendants admit that Ordinance 2022-0001-E and its exhibits speak for themselves.  Defendants otherwise deny the allegations.

## B. District 8's Border with District 12

182.   Defendants deny the allegations.

183.   Defendants admit that a recording of the meeting referenced in this paragraph speaks for itself.  Defendants otherwise deny the allegations.

184.   Defendants admit that Mr. Killingsworth's districting proposals speak for themselves.  Defendants otherwise deny the allegations.

185.   Defendants admit that a recording of the meeting referenced in this paragraph speaks for itself.  Defendants otherwise deny the allegations.

186.   Defendants admit that Mr. Killingsworth's districting proposals speak for themselves.  Defendants otherwise deny the allegations.

187.   Defendants admit that a recording of the meeting referenced in this paragraph, and Mr. Killingsworth's districting proposals speak for themselves.  Defendants otherwise deny the allegations.

188.   Defendants admit that a recording of the meeting referenced in this paragraph, and Ordinance 2022-0001-E and its exhibits speak for themselves.  Defendants otherwise deny the allegations.

189.   Defendants admit that a recording of the meeting referenced in this paragraph speaks for itself.  Defendants otherwise deny the allegations.

190.   Defendants admit that a recording of the meeting referenced in this paragraph, and Mr. Killingsworth's districting proposals speak for themselves.  Defendants otherwise deny the allegations.

191.   Defendants admit that Ordinance 2022-0001-E and its exhibits speak for themselves. Defendants otherwise deny the allegations.

192.   Defendants admit that Ordinance 2022-0001-E and its exhibits speak for themselves. Defendants otherwise deny the allegations.

193.   Defendants admit that Ordinance 2022-0001-E and its exhibits speak for themselves. Defendants otherwise deny the allegations.

## C. District 7

194.   Defendants deny the allegations.

195.   Defendants admit that Ordinance 2022-0001-E and its exhibits speak for themselves. Defendants otherwise deny the allegations.

196.   Defendants admit that Ordinance 2022-0001-E and its exhibits speak for themselves. Defendants otherwise deny the allegations.

197.   Defendants admit that Ordinance 2022-0001-E and its exhibits speak for themselves. Defendants otherwise deny the allegations.

198.   Defendants admit that Ordinance 2022-0001-E and its exhibits speak for themselves. Defendants otherwise deny the allegations.

199.   Defendants admit that Ordinance 2022-0001-E and its exhibits speak for themselves. Defendants otherwise deny the allegations.

200.   Defendants admit that Ordinance 2022-0001-E and its exhibits speak for themselves. Defendants otherwise deny the allegations.

201.   Defendants admit that Ordinance 2022-0001-E and its exhibits speak for themselves. Defendants otherwise deny the allegations.

202.   Defendants admit that Ordinance 2022-0001-E and its exhibits speak for themselves. Defendants otherwise deny the allegations.

### D. Districts [sic] 7's Border with District 2

203.   Defendants deny the allegations.

204.   Defendants admit that a recording of the meeting referenced in this paragraph speaks for itself.

205.   Defendants admit that a recording of the meeting referenced in this paragraph, and Mr. Killingsworth's districting proposals speak for themselves.  Defendants otherwise deny the allegations.

206.   Defendants admit that a recording of the meeting referenced in this paragraph and Ordinance 2022-0001-E and its exhibits speak for themselves.  Defendants otherwise deny the allegations.

207.   Defendants admit that a recording of the meeting referenced in this paragraph speaks for itself.  Defendants otherwise deny the allegations.

208.   Defendants admit that a recording of the meeting referenced in this paragraph speaks for itself.  Defendants otherwise deny the allegations.

209.   Defendants deny the allegations.

210.   Defendants admit that Ordinance 2022-0001-E and its exhibits speak for themselves. Defendants otherwise deny the allegations.

211.   Defendants admit that Mr. Killingsworth's districting proposals speak for themselves.  Defendants otherwise deny the allegations.

212.   Defendants admit that Ordinance 2022-0001-E and its exhibits speak for themselves. Defendants otherwise deny the allegations.

213.   Defendants admit that Ordinance 2022-0001-E and its exhibits speak for themselves. Defendants otherwise deny the allegations.

214.   Defendants admit that Ordinance 2022-0001-E and its exhibits speak for themselves. Defendants otherwise deny the allegations.

215.   Defendants admit that Ordinance 2022-0001-E and its exhibits speak for themselves. Defendants otherwise deny the allegations.

216.   Defendants admit that Mr. Killingsworth's districting proposals speak for themselves.  Defendants otherwise deny the allegations.

217.   Defendants admit that a recording of the meeting referenced in this paragraph speaks for itself.  Defendants otherwise deny the allegations.

### E. District 10

218.   Defendants deny the allegations.

219.   Defendants admit that Ordinance 2022-0001-E and its exhibits speak for themselves. Defendants otherwise deny the allegations.

220.   Defendants admit that a recording of the meeting referenced in this paragraph speaks for itself.  Defendants otherwise deny the allegations.

221.   Defendants admit that Ordinance 2022-0001-E and its exhibits speak for themselves. Defendants otherwise deny the allegations.

222.   Defendants admit that Ordinance 2022-0001-E and its exhibits speak for themselves. Defendants otherwise deny the allegations.

223. Defendants admit that Ordinance 2022-0001-E and its exhibits speak for themselves. Defendants otherwise deny the allegations.

224. Defendants admit that Ordinance 2022-0001-E and its exhibits speak for themselves. Defendants otherwise deny the allegations.

### F. Districts [sic] 10's Border with District 12

225. Defendants deny the allegations.

226. Defendants admit that Ordinance 2022-0001-E and its exhibits speak for themselves. Defendants otherwise deny the allegations.

227. Defendants admit that Ordinance 2022-0001-E and its exhibits speak for themselves. Defendants otherwise deny the allegations.

228. Defendants admit that Ordinance 2022-0001-E and its exhibits speak for themselves. Defendants otherwise deny the allegations.

229. Defendants admit that Ordinance 2022-0001-E and its exhibits speak for themselves. Defendants otherwise deny the allegations.

230. Defendants deny the allegations.

231. Defendants admit that Ordinance 2022-0001-E and its exhibits speak for themselves. Defendants otherwise deny the allegations.

232. Defendants admit that Ordinance 2022-0001-E and its exhibits speak for themselves. Defendants otherwise deny the allegations.

233. Defendants admit that Ordinance 2022-0001-E and its exhibits speak for themselves. Defendants otherwise deny the allegations.

### G. District 10's Border with District 14

234.   Defendants deny the allegations.

235.   Defendants admit that Ordinance 2022-0001-E and its exhibits speak for themselves. Defendants otherwise deny the allegations.

236.   Defendants admit that Ordinance 2022-0001-E and its exhibits speak for themselves. Defendants otherwise deny the allegations.

### H. District 9

237.   Defendants deny the allegations.

238.   Defendants admit that Ordinance 2022-0001-E and its exhibits speak for themselves. Defendants otherwise deny the allegations.

239.   Defendants admit that Ordinance 2022-0001-E and its exhibits speak for themselves. Defendants otherwise deny the allegations.

240.   Defendants admit that Ordinance 2022-0001-E and its exhibits speak for themselves. Defendants otherwise deny the allegations.

241.   Defendants admit that Ordinance 2022-0001-E and its exhibits speak for themselves. Defendants otherwise deny the allegations.

242.   Defendants admit that Ordinance 2022-0001-E and its exhibits speak for themselves. Defendants otherwise deny the allegations.

243.   Defendants admit that Ordinance 2022-0001-E and its exhibits speak for themselves. Defendants otherwise deny the allegations.

### I. District 9's Border with District 14

244.  Defendants deny the allegations.

245.  Defendants admit that Ordinance 2022-0001-E and its exhibits speak for themselves. Defendants otherwise deny the allegations.

246.  Defendants admit that Ordinance 2022-0001-E and its exhibits speak for themselves. Defendants otherwise deny the allegations.

247.  Defendants admit that Ordinance 2022-0001-E and its exhibits speak for themselves. Defendants otherwise deny the allegations.

248.  Defendants admit that Ordinance 2022-0001-E and its exhibits speak for themselves. Defendants otherwise deny the allegations.

249.  Defendants admit that Ordinance 2022-0001-E and its exhibits speak for themselves. Defendants otherwise deny the allegations.

250.  Defendants admit that Ordinance 2022-0001-E and its exhibits speak for themselves. Defendants otherwise deny the allegations.

251.  Defendants admit that Ordinance 2022-0001-E and its exhibits speak for themselves. Defendants otherwise deny the allegations.

252.  Defendants admit that Ordinance 2022-0001-E and its exhibits speak for themselves. Defendants otherwise deny the allegations.

253.  Defendants admit that Ordinance 2022-0001-E and its exhibits speak for themselves. Defendants otherwise deny the allegations.

254.   Defendants admit that Ordinance 2022-0001-E and its exhibits speak for themselves. Defendants otherwise deny the allegations.

255.   Defendants admit that Ordinance 2022-0001-E and its exhibits speak for themselves. Defendants otherwise deny the allegations.

256.   Defendants admit that Ordinance 2022-0001-E and its exhibits speak for themselves. Defendants otherwise deny the allegations.

257.   Defendants admit that Ordinance 2022-0001-E and its exhibits speak for themselves. Defendants otherwise deny the allegations.

258.   Defendants admit that Ordinance 2022-0001-E and its exhibits speak for themselves. Defendants otherwise deny the allegations.

259.   Defendants admit that Ordinance 2022-0001-E and its exhibits speak for themselves. Defendants otherwise deny the allegations.

260.   Defendants admit that Ordinance 2022-0001-E and its exhibits speak for themselves. Defendants otherwise deny the allegations.

## CLAIMS FOR RELIEF

### COUNT ONE

### Racial Gerrymandering
### in Violation of the Fourteenth Amendment to the U.S. Constitution
### (42 U.S.C. § 1983)

261.   Defendants reallege and reincorporate by reference all their responses to prior paragraphs of the Complaint.

262.   Defendants admit that the Fourteenth Amendment to the U.S. Constitution speaks for itself.  Defendants otherwise deny the allegations.

263.   Defendants admit that the Fourteenth Amendment to the U.S. Constitution speaks for itself.  Defendants otherwise deny the allegations.

264.   Defendants deny the allegations.

265.   Defendants deny the allegations.

266.   Defendants deny the allegations.

267.   Defendants admit that Ordinance 2022-0001-E and its exhibits speak for themselves. Defendants otherwise deny the allegations.

268.   Defendants deny the allegations.

269.   Defendants deny the allegations.

## COUNT TWO

### Illogical and/or Non-Compact Districts
### in Violation of the Jacksonville City Charter, Sec. 5.02(a)

270.   Defendants reallege and reincorporate by reference all their responses to prior paragraphs of the Complaint.

271.   Defendants admit that the Charter of the City of Jacksonville speaks for itself.  Defendants otherwise deny the allegations.

272.   Defendants admit that *In re Senate Joint Resolution Of Legislative Apportionment 100,* 2022 WL 619841 (Fla. Mar. 3, 2022) speaks for itself. Defendants otherwise deny the allegations.

31

273.   Defendants admit that *In re Senate Joint Resolution Of Legislative Apportionment 100,* 2022 WL 619841 (Fla. Mar. 3, 2022) speaks for itself. Defendants otherwise deny the allegations.

274.   Defendants admit that Ordinance 2022-0001-E and its exhibits speak for themselves. Defendants otherwise deny the allegations.

275.   Defendants admit that Ordinance 2022-0001-E and its exhibits speak for themselves. Defendants otherwise deny the allegations.

276.   Defendants admit that Ordinance 2022-0001-E and its exhibits speak for themselves. Defendants otherwise deny the allegations.

277.   Defendants admit that Ordinance 2022-0001-E and its exhibits speak for themselves. Defendants otherwise deny the allegations.

All allegations not specifically addressed are denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

278.   The redistricting plan enacted in 2022 by the Jacksonville City Council is lawful and was drawn in accordance with all requirements of the U.S. Constitution.

### Second Affirmative Defense

279.   Numerous recognized redistricting principles were taken into account by the second Special Committee on Redistricting and City Council, including complying with the equal population requirements under the one

person, one vote standard; creating districts that were compact and contiguous while taking into consideration the varied economic, social and ethic interests and objectives of the Jacksonville citizenry; accounting for geographic considerations and respecting major boundaries; responding to population and demographic changes detailed in the 2020 Census; protecting incumbents; preserving prior districts and former constituencies; seeking to keep together various communities of interest, including that of political parties; and being mindful of the requirements of section 2 of the Voting Rights Act and associated standards to avoid voter dilution.  The Defendants did not subordinate these legitimate and recognized redistricting principles to an inappropriate consideration of race, nor did race predominately motivate Defendants in drawing the City Council or School District boundaries.

### Third Affirmative Defense

280.  Plaintiffs' claims for relief are barred by the doctrine of laches. City Council first started having noticed meetings regarding redistricting in January 2021. Plaintiffs did not raise any challenge or dispute to Defendants' proposed City Council and School Board districts until after the second Special Committee on Redistricting completed its work in December 2021, unanimously approved the approved maps, and directed that the proposed redistricting maps and related legislation be filed prior to the January 11, 2022, City Council Meeting.  Plaintiffs first questioned the proposed maps and

process to create them in February 2022, a mere two months prior to the City Charter mandated deadline of April 12, 2022, for the City Council to complete the redistricting process.

## Fourth Affirmative Defense

281.   Plaintiffs lack standing to assert a claim for relief in violation of the Charter of the City of Jacksonville (Count Two).

## Fifth Affirmative Defense

282.   Count Two fails to state a claim for relief because no private cause of action exists for the purported violation of Section 5.02 of the Jacksonville City Charter.

## Sixth Affirmative Defense

283.   Plaintiffs' Complaint fails to state a claim upon which relief can be granted and violates the pleading standards set forth in Rule 8, Federal Rules of Civil Procedure.

WHEREFORE, Defendants, the City of Jacksonville and Mike Hogan, in his official capacity as Duval County Supervisor of Elections, demand judgment against Plaintiffs, together with an award of costs and attorneys' fees pursuant to 42 U.S.C. § 1988(b), and such other relief as the Court deems proper.

Dated this 27ᵗʰ day of May, 2022.

OFFICE OF GENERAL COUNSEL
CITY OF JACKSONVILLE

/s/    Helen Peacock Roberson
**Sonya Harrell**
Chief, Tort and Employment Litigation
Florida Bar No. 0042803
SonyaH@coj.net; BOsburn@coj.net
**Mary Margaret Giannini**
Assistant General Counsel
Florida Bar No. 1005572
MGiannini@coj.net; ASeegobin@coj.net
**Helen Peacock Roberson**
Assistant General Counsel
Florida Bar No.: 0016196
HRoberson@coj.net; CStephenson@coj.net
117 West Duval Street, Suite 480
Jacksonville, FL 32202
Phone: (904) 255-5100
Facsimile: (904) 255-5120
*Attorneys for Defendants, City of
Jacksonville and Mike Hogan, in his
official capacity as Duval County
Supervisor of Elections*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 27th day of May, 2022 a copy of this document was filed electronically through the CM/ECF system and furnished by email to all counsel of record.

/s/  Helen Peacock Roberson
Attorney

35