IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JACKSONVILLE BRANCH
OF THE NAACP, *et al.*,

    *Plaintiffs*,

v.

CITY OF JACKSONVILLE, *et al.*,

    *Defendants*.

_____/

Case No. 3:22-cv-493-MMH-LLL

### **PLAINTIFFS' UNOPPOSED MOTION FOR CLARIFICATION**

Plaintiffs respectfully move the Court for clarification of its July 8, 2022 order from the bench setting a briefing schedule on the forthcoming preliminary injunction motion. As explained in the following Memorandum, Plaintiffs seek to clarify whether their remedies briefs should propose (1) specific interim remedial *maps* that the Court might order during that interim remedial phase in addition to (2) specific options for the interim remedial *process* the Court will undertake following any order granting a preliminary injunction.

### **MEMORANDUM**

At the preliminary pretrial conference on July 8, Plaintiffs' counsel asked whether the Court would like the Parties "to submit proposed remedies or . . . just to brief what the process might look like based on what other courts have done." Tr. at 23:13–15. The Court responded, "Both," ordering the Parties to "give me legal support for what remedy you are proposing, and certainly that can include what other courts

1

have done, but ultimately, yes, it would be wise for you to not only say, 'these are the options, and this is the one that we are proposing.' And if there are alternative remedies that you would want to propose, you might want to include them." *Id.* at 23:16–22.

Plaintiffs understand that the Court would like the Parties to propose specific options for the interim remedial *process* the Court will undertake following any order granting a preliminary injunction—for example, opportunity for the City Council to pass a map, appointment of a special master, potential timelines, necessary hearings, etc.—and that they can provide legal support and examples from other redistricting cases. Plaintiffs seek clarification on whether the Court would *also* like the Parties to propose specific interim remedial *maps* that the Court might order during an interim remedial phase.

Because any liability findings might inform a proposed remedial *map*, Plaintiffs initially understood the Court to mean that the remedies briefs should cover just the *process* and not specific *maps*, which could be proposed later in whatever remedial process the Court adopts, but seek clarification on this point.

## Local Rule 3.01(g) Certification

Plaintiffs' counsel for conferred with counsel for Defendants, who do not oppose this motion.

Respectfully submitted this 14th day of July, 2022,

*/s/ Daniel Hessel*

Nicholas Warren (FBN 1019018)
**ACLU FOUNDATION OF FLORIDA, INC.**
336 East College Avenue, Ste. 203
Tallahassee, FL 32301
(786) 363-1769
nwarren@aclufl.org

Daniel B. Tilley (FBN 102882)
**ACLU FOUNDATION OF FLORIDA, INC.**
4343 West Flagler Street, Ste. 400
Miami, FL 33134
(786) 363-2714
dtilley@aclufl.org

Daniel Hessel* ‡
Ruth Greenwood*
Theresa J. Lee*
Nicholas Stephanopoulos*
**ELECTION LAW CLINIC**
**HARVARD LAW SCHOOL**
6 Everett Street, Ste. 4105
Cambridge, MA 02138
(617) 495-5202
dhessel@law.harvard.edu
rgreenwood@law.harvard.edu
thlee@law.harvard.edu
nstephanopoulos@law.harvard.edu

Krista Dolan (FBN 1012147)
**SOUTHERN POVERTY LAW CENTER**
P.O. Box 10788
Tallahassee, FL 32302-2788
(850) 521-3000
krista.dolan@splcenter.org

Bradley E. Heard*
Jack Genberg*
**SOUTHERN POVERTY LAW CENTER**
150 East Ponce de Leon Ave., Ste. 340
Decatur, GA 30030
(404) 521-6700
bradley.heard@splcenter.org
jack.genberg@splcenter.org

*Attorneys for Plaintiffs*

*\* Special admission    ‡ Federal practice only*