

# OFFICE OF INSPECTOR GENERAL
## CITY OF JACKSONVILLE

## LETTER OF CLOSURE

*Via E-mail: R.danford@jaxul.org*

February 24, 2021

Richard D. Danford Jr.
President, Jacksonville Urban League
903 W. Union St.
Jacksonville, FL 32204

Subject: Citizen Complaint, Neighborhood Bill of Rights Process
Office of Inspector General Correspondence Number 2020-06-0002

Dear Mr. Danford:

The Office of Inspector General (OIG) received your complaint submitted on June 11, 2020, regarding your concerns related to a City Council Budget meeting that had taken place. Specifically, you expressed concerns related to the Neighborhood Bill of Rights and the failure of the City of Jacksonville's City Council, Mayor's Office, and other City officials to follow the requirements of *Ordinance Code* 95-247-106 (Attachment 1). You alleged failures regarding requirements to provide communication, advanced notification, prompt (1) day responses to information requests, and an opportunity for citizens to provide input on the annual budget before and during specialized public hearings on priorities and capital improvement projects, and the opportunity to participate in the design of publicly funded neighborhood projects.

You requested a step-by-step process for providing input into the City of Jacksonville (COJ) planning as provided by the *Ordinance Code* 95-247-106. Based on our review, the Neighborhood Bill of Rights (Ordinance 95-247-106) was enacted on March 31, 1995, but was never codified into the *Ordinance Code*.

As part of our preliminary review of your complaint, the OIG reviewed *Ordinance Code* 95-247-106, *Ordinance Code* 1999-358-E, spoke with knowledgeable COJ personnel, including the Office of General Counsel (OGC), and reviewed accessible COJ website information. Based on OIG's review and conversations with OGC, the OIG learned that Ordinance 95-247-106 was not codified into the *Ordinance Code* because there were no enforceable provisions within it. However, in 1999, a portion of the Neighborhood Bill of Rights found in *Ordinance Code* 95-247-106, relating to zoning notification requirements was codified into *Ordinance Code* 1999-358-E, which has been revised and currently exists as *Ordinance Code* 2017-318-E.

PO Box 43586, Jacksonville, Florida 32203
Email: InspectorGeneral@coj.net Website: http://www.coj.net/oig
Office: (904) 255-5800 Fax: (904) 255-5813

Within this Ordinance, Chapter 656, Zoning Code, Part 1. General Provisions, Subpart C, Procedures for Rezoning and Amendments to the *Zoning Code*, Section 656.130, titled "*Special notice to neighborhood organizations, CPACs, umbrella neighborhood organizations and civic organizations; neighborhood organization participation in public hearings*" states, verbatim in part (Attachment 2):

> *...Ordinance 95-247-106 (The Neighborhood Bill of Rights) requires notification to neighborhood organizations of the submission of any application for rezoning, zoning or land use variance or exception, Development of Regional Impact (DRI) or Planned Unit Development (PUD) application, or other significant land use action, a clear explanation of the date, time and place of all applicable public hearings and other opportunities for input on the application and a clear explanation of the type of testimony that is allowable and relevant from neighborhood organizations and residents...*

As part of the preliminary review, the OIG contacted City Council's Chief of Research, who explained that the City Council relies on the Council members to disseminate information to the community organizations. However, for the specific requirements outlined in subparagraph (c) in Chapter 656, *Zoning Code*, Part 1. General Provisions, Subpart C, Section 656.130 (Attachment 2), the Council partners with the COJ Planning and Zoning Department to issue the required notifications in accordance with *Ordinance Code*. The Chief of Research advised that a zoning application triggers review and notifications.

The COJ Neighborhoods Department, Neighborhood Services Office, facilitates communication between the COJ and Citizen Planning Advisory Committees (CPACs) which are located in six districts. CPACs are open to any interested citizen and are a main conduit for information flow from the COJ to its citizens.

As part of the preliminary review, the OIG contacted the COJ Neighborhood Services Office Manager, who explained various ways communication flows between the COJ and its citizens; one way includes being a part of a CPAC, which facilitates cooperative involvement in various COJ committees for which individuals may volunteer. In addition, the Manager also advised participation in a committee related to one's interest is another way to keep up with current information related to COJ happenings.

The Neighborhoods Services Office disseminates a great deal of information via e-mail to the neighborhood organizations registered on the *Directory of Neighborhood Organizations* (Directory). The Directory link, as well as information, and a direct link to register an organization to be added to the Directory, can be found via the following link:

https://www.coj.net/departments/housing-and-neighborhoods/neighborhood-initiatives-(1)/citizen-planning-advisory-committees-(cpacs).aspx

The Manager also noted that there is a question on the registration form for the Directory that asks: "*Would you like to receive Zoning Notification?*" Answering ***Yes,*** to this question will add your organization's contact information to the COJ Zoning Office notification list.

Please contact Ms. Lisa Ransom, Manager, Neighborhood Services Office, for assistance and any questions regarding adding the Jacksonville Urban League to the Directory. The Neighborhood Services Office contact number is (904) 255-8250.

The OIG apologizes for the length of time for this reply; however, this matter required additional research due to the age of the original ordinance and its various iterations. Our office considers this matter closed. Thank you for contacting the Office of Inspector General. If you have any additional questions, please contact me at 904-255-5800.

Sincerely,

Andrew McFarlane
Director of Investigations
Office of Inspector General

Attachments:

1 - Ordinance 95-247-106, Amended March 28, 1995
2 - Ordinance Code, Chapter 656, Section 656.130

cc: Dennis Stone, General Counsel, Jacksonville Urban League
OIG Correspondence File 2020-06-0002

AMENDED 3/28/95

Introduced by Council Members Smith, Overton, Davis, Crescimbeni, Leggett, Dale, Reagan, Kravitz, Tullis, Brown, Draper, Fields, Griffin, Jones, Lee, Miller, Soud and Wood:

ORDINANCE 95-247-106

AN ORDINANCE ESTABLISHING THE CITY OF JACKSONVILLE'S "NEIGHBORHOOD BILL OF RIGHTS; DECLARING A CITY POLICY OF IMPLEMENTING THE PROVISIONS OF THE "NEIGHBORHOOD BILL OF RIGHTS' AS THE REGULAR COURSE OF BUSINESS IN CITY GOVERNMENT; REQUESTING THE MAYOR'S OFFICE TO TAKE IMMEDIATE STEPS TO ENSURE UNDERSTANDING OF AND COMPLIANCE WITH THE "NEIGHBORHOOD BILL OF RIGHTS" BY ALL CITY ADMINISTRATIVE DEPARTMENTS; PROVIDING AN EFFECTIVE DATE.

WHEREAS, Jacksonville's many and varied neighborhoods are the lifeblood of the community, providing most residents with their clearest sense of identity with and participation in the communal life of the City; and

WHEREAS, Jacksonville has scores of organized neighborhood, civic and homeowners groups, all of which serve to connect residents with their geographic neighborhoods and with each other for purposes of self-identification, solidarity, community improvement, and the expression of communal opinions and preferences; and

WHEREAS, the City deals with the problems of individuals and neighborhoods on a daily basis through a variety of mechanisms, some directly targeted to neighborhoods but most directed to the public at large; and

WHEREAS, the City should take better advantage of the opportunity offered by its official neighborhood organizations to facilitate communications between the City and its residents; and

WHEREAS, citizens and taxpayers should have the right to expect prompt, fair, courteous, and

well informed treatment from the City at all times in their transactions; and

WHEREAS, the establishment of a formal policy statement regarding City interaction with neighborhood organizations will clearly set out the standard of conduct that should be upheld by all City employees and agencies in dealing with organized neighborhood groups and inform the public about the manner of treatment they should expect to be accorded; now therefore

BE IT ORDAINED by the Council of the City of Jacksonville:

**Section 1.** The City Council hereby establishes the following "Neighborhood Bill of Rights" to govern the relationship between the personnel and agencies of City government and the City's numerous organized neighborhood associations and groups:

**Consolidated City of Jacksonville Neighborhood Bill of Rights**

Every organized, officially-recognized neighborhood in the City of Jacksonville has the right to expect and receive the following from the officials, employees and agencies of the City of Jacksonville:

* Prompt, courteous, informed responses to all questions regarding City business. Replies, if only to report that inquiries or research are underway and a full response will be forthcoming at a later time, should be made within one working day of the original neighborhood contact.

* Advance notification of any City-related public works or utility project taking place within or adjacent to a neighborhood (e.g. road paving; water, sewer or drainage work; traffic signal installation or removal; park renovation or substantial maintenance; land purchases, etc.), including the day(s) and probable length of any street closures, utility interruptions, or other adverse impacts on the neighborhood, and the name and phone number of the City representative most knowledgeable and able to immediately answer questions during the course of the work.

* Notification of the submission of any application for rezoning, zoning or land use variance or exception, Development of Regional Impact (DRI) or Planned Unit Development (PUD) application, or other significant land use action; a clear explanation

of the date, time and place of all applicable public hearings and other opportunities for public input on the application; and a clear explanation of the type of testimony that is allowable and relevant from neighborhood organizations and residents.

* Opportunity for formal input into the annual budget process, including the opportunity to express preferred City government priorities, suggested capital improvement projects, and other statements that fairly represent the opinion of a majority of the neighborhood's residents.

* A timely personal response from its district councilperson or that councilperson's aide to questions directed to the City Council office.

* The opportunity to participate in the design of publicly-funded projects within or adjacent to the neighborhood, including the opportunity early in the planning process to express neighborhood preferences about choice of location, materials, orientation, size, land use intensity, and other features.

**Section 2.** The Council hereby declares that the "Neighborhood Bill of Rights" shall constitute a part of the standard operating procedures of all City offices and agencies, and shall be observed to the greatest extent possible by all City officers, employees and agencies as the formal expression of the City's duty to serve the public effectively, responsively, and courteously through its relationships with citizens' formal neighborhood organization representatives.

**Section 3.** The Council hereby requests the Mayor to circulate a copy of the "Neighborhood Bill of Rights" to all City employees and officials and to take appropriate steps to see that the "Neighborhood Bill of Rights" is understood and complied with by all representatives of the City who deal with the public.

**Section 4.** This ordinance shall become effective upon signature by the Mayor, or upon becoming automatically effective without the Mayor's signature.

**Form approved:**

[signature]

**Assistant General Counsel**

**(jrc 2/21/95)**

**ORDINANCE 95-247-106**

**CERTIFICATE OF AUTHENTICATION**

**ENACTED BY THE COUNCIL**

**March 28, 1995**

**JIM TULLIS**
**COUNCIL PRESIDENT**

**ATTEST:**

**BEVERLY S. DOMEN**
**SECRETARY TO THE COUNCIL**

CITY OF JACKSONVILLE FLORIDA

**APPROVED** MAR 3 1 1995 **, 19**

**ED AUSTIN, MAYOR**

Sec. 656.130. - Special notice to neighborhood organizations, CPACs, umbrella neighborhood organizations and civic organizations; neighborhood organization participation in public hearings.

(a) The City recognizes that Jacksonville's many and varied neighborhoods are the lifeblood of the community, providing most residents with their clearest sense of identity with and participation in the communal life of the City. As reflected by the adoption of Rule 6 (Procedures Governing Quasi-Judicial Actions), the City desires to encourage the participation of affected neighborhood organizations in all land use matters which come before the City Council, whether such matters are legislative or quasi-judicial, and particularly desires to facilitate the participation of neighborhood organizations in quasi-judicial land use matters.

(b) Ordinance 95-247-106 (The Neighborhood Bill of Rights) requires notification to neighborhood organizations of the submission of any application for rezoning, zoning or land use variance or exception, Development of Regional Impact (DRI) or Planned Unit Development (PUD) application, or other significant land use action, a clear explanation of the date, time and place of all applicable public hearings and other opportunities for input on the application and a clear explanation of the type of testimony that is allowable and relevant from neighborhood organizations and residents.

(c) Notice of a time and place of a public hearing which is required to be held by the Council, the appropriate committee of the Council, the Planning Commission or the Downtown Development Review Board, as the case may be, with respect to any type of land use action specified above shall be provided at least 14 days in advance to any registered neighborhood organizations which serve a neighborhood area located within 350 feet of the land which is the subject of the application, the Citizens Planning Advisory Committees ("CPACs") in the affected area and any "umbrella" neighborhood organizations or civic organizations if those organizations have filed a written request with the City for notification concerning one or more of those types of applications within a specific defined geographic area. Notice received pursuant to this Section 656.130(c) shall not confer "affected party status" upon the recipient of such notice, although any of these organizations, except CPACs, may file a request for a determination of affected party status under Council Rule 6.302 for those matters which are pending before the Council. The failure of a neighborhood organization, CPAC or other

organization required to be notified under this Section shall not invalidate or otherwise have any effect upon a public hearing or action taken by the committee or the Council on the application for rezoning.

    (d)    The procedures governing quasi-judicial actions before the City Council (Chapter 6, Rules of the City Council) establish informal and formal procedures for hearing quasi-judicial matters. These rules are intended to be applied and interpreted in a manner which recognizes both the legislative and the judicial aspects of the City land use decision-making process and encourages full participation within that process not only by all parties, but by interested neighborhood organizations, individuals and the public as well. The Council's formal hearing procedures are designed primarily to allow the applicant and others who have standing to maintain a lawsuit to establish a proper record before the City Council, since appeals of quasi-judicial matters to the circuit court are based solely on the record before the Council. However, the informal hearing procedures were specifically designed to allow for full participation by any neighborhood organization, as well as the public, and because the hearing is shorter and the process less complex and easier to use, the Council therefore encourages the use of the informal hearing process by all applicants, neighborhood organizations and interested members of the public whenever possible where there is no intent to appeal a quasi-judicial decision of the City Council. Any neighborhood organization or member of the public, whether or not qualified as an "affected party," as defined in Rule 6.302, may participate fully in an informal hearing by requesting additional time to speak at the beginning of the public hearing, and the Council President or the committee chairman, as the case may be, shall grant additional time as necessary to the requesting neighborhood organization or member of the public to allow sufficient time to provide information during the public hearing portion of the hearing, as required under Rule 6.201(e), as long as the information which is being provided will assist the Council in making a complete and informed decision based upon substantial, competent evidence, without unnecessary repetition and delay.

(Ord. 1999-358-E, § 2; Ord. 2007-564-E, § 5; Ord. 2017-318-E , § 8)