IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JACKSONVILLE BRANCH
OF THE NAACP, et al.,

      Plaintiffs,

                                      Case No. 3:22-cv-493-MMH-LLL

v.

CITY OF JACKSONVILLE, et al.,

      Defendants.

_____/

## DEFENDANTS' UNOPPOSED MOTION SEEKING WAIVER OF CANDIDATE RESIDENCY REQUIREMENTS FOR MARCH 2023 ELECTIONS

Defendants, City of Jacksonville, and Mike Hogan, in his official capacity as Duval County Supervisor of Elections, file this unopposed Motion respectfully requesting the Court to waive the Jacksonville Charter 183-day residency requirement for individuals seeking to qualify as candidates in the March 2023 election, and instead require residency to be established as of the date of qualification. *See* § 5.04, CHARTER.[1] The Court has ruled that pending

---

[1] On December 27, 2022, Defendants sought a stay from the United States Court of Appeals for the 11th Circuit of this Court's Order of December 19, 2022 ordering the use of Plaintiffs' Alternative Map 3. The appellate Court has ordered responses to that motion to be filed by January 3, 2023. This motion is not dependent on the outcome of that stay application. Whichever map ultimately is in place for the March elections, the waiver requested in this motion would be necessary.

1

final resolution of this matter, Defendants shall conduct all future elections pursuant to the interim remedial map (IRM) set out in the Court's Order of December 19, 2022 (Doc. 101). The City Charter directs that an individual must have lived in the district they seek to represent for at least 183 consecutive days (approximately six months) in order to qualify as an eligible candidate for a City Council seat.

However, due to the course of the instant litigation and the deadlines associated with the City's upcoming March 2023 election, only 25 days separate the Court's Order establishing the interim remedial district lines, and the close of the candidate qualification period. As such, under any map, Defendants face uncertainty as to who can satisfy the 183-day residency requirement for the March 2023 election, although a reading of this Court's orders might presume that this requirement has already been implicitly waived. However, any lingering uncertainty may result in challenges to candidate qualifications, thereby disrupting the upcoming election and the validity of its results. Defendants therefore respectfully request this Court expressly waive the 183-day residency requirement otherwise laid out in the City Charter, as applied to the March 2023 elections.

## **MEMORANDUM OF LAW**

The Jacksonville Charter requires that a candidate

> for the office of member of the council from a district or residence area . . . must . . . have resided in and been a qualified elector of that district or residence area for at least 183 consecutive days immediately before the date on which the candidate qualifies to run for the office of member of the council from a district or residence area.

See § 5.04, CHARTER. A candidate qualifies to run for the office of member of the council upon satisfying a variety of requirements laid out in Chapter 99, Florida Statutes. See § 350.106, Jacksonville Ord. Code (Qualification of Candidates). See also FLA. STAT. §§ 99.061; 99.093; 99.095. The candidate qualification time-period runs between January 9 (at noon) and January 13, 2023 (at noon). *Id.* at § 99.061(1). See also https://www.duvalelections.com/ (listing qualification period). Among the requirements laid out by state law, aspiring candidates must submit an oath that includes identifying the particular numbered district they seek to represent. FLA. STAT. § 99.061(7)(a)(2) (oath must contain "name of the candidate as it is to appear on the ballot; the office sought, including the district or group number, if applicable; and the signature of the candidate . . . ."). No court, however, appears to have addressed the relationship between state and City district residency requirements, or how this interplay is impacted in the context of the redistricting litigation presented here. State and local law nonetheless suggest that when read together, the residency requirement is tied to both geographic longevity in a specific area along with reference to a particular numbered

3

district. *See, e.g.*, *In re Senate Joint Resol. of Legislative Apportionment 2-B*, 89 So. 3d 872, 893 n.13 (Fla. 2012) (addressing oath including identifying "the specific legislative district sought by the candidate"). *See also Harms v. Jabour et al.*, 16-2007-CA-004541 (Fla. 4th Cir. Ct. October 22, 2007) (in non-redistricting litigation, framing Jacksonville Charter residency requirement as a form of "domicile").

Here, pursuant to the IRM, several districts are significantly reshaped and/or renumbered, impacting individuals seeking to qualify as candidates. Under the IRM, aspiring candidates may no longer geographically reside in the numbered district they were seeking to represent. Others may have sought to qualify in a specific district that is now numbered differently. Likewise, the IRM has only been in existence since December 19, 2022, potentially allowing for the argument that none of the newly fashioned districts have existed for 183 days and thereby undermine any candidate's ability to live in the district for the requisite time-period. Given the time frames and facts presented in the instant litigation, it is therefore an open question whether an individual seeking to qualify as a candidate has "resided in . . . [the] district [they seek to represent]. . . for at least 183 consecutive days immediately before the date on which the candidate qualifies to run for office . . . ." § 5.04, CHARTER.

For example, under the IRM, Council Member Reggie Gaffney Jr., who was elected in the November 2022 special election to represent District 7 (D7),

is now geographically located in IRM District 8 (IRMD8). However, Council Member Gaffney is currently listed on the Supervisor of Elections (SOE) website as seeking election in the district he currently represents, D7, as opposed to IRMD8, where he is domiciled. *See* *https://www.duvalelections.com/Candidates-And-Committees/Candidate/Committee-Lists-Reports-Profiles*. Hence, Council Member Gaffney may be unable to qualify to represent IRMD7, as he has not resided in the geographic area now making up IRMD7 for the time mandated by the City Charter.

Likewise, Council Member Ju'Coby Pittman, who currently represents D8, is now geographically located in IRMD10. Council Member Pittman is listed on the SOE website as seeking to run in IRMD10. *Id.* It appears that Council Member Pittman has resided in the geographic area that comprises IRMD10 for the period required by the City Charter. However, because IRMD10 has only been in existence in its present formation since December 19, 2022, she, and any other individual seeking to qualify as a candidate for IRMD10, could be challenged as not having resided in "that district" for the period required by the City Charter. § 5.04, CHARTER.

Similarly, many individuals who have registered as candidates for D14, now are geographically located in IRMD7. *See* *http://apps2.coj.net/City_Council_Public_Notices_Repository/Maps%20for%*

5

*20discussion.pdf* at 3-4 (noting candidates formerly registered in D14 as now residing in newly configured IRMD7). It is not clear whether these individuals can seek candidacy in IRMD7 based solely on their residency in that geographic area, when they have otherwise indicated their intent to run for the former D14. Likewise, should an individual seek to qualify in IRMD14, it is not clear whether that qualification is predicated on the length of time the person has geographically lived in the area, or the length of time the district has been in existence. Accordingly, as the Supervisor of Elections moves forward to implement the March 2023 election, he faces many questions regarding whether, and under what circumstances, individuals may qualify as candidates.

When the implementation of an interim remedial map may give rise to election confusion, uncertainty, or disruption, courts have waived or extended state and local election rules in order to facilitate a smooth electoral process. *See e.g.*, *Singleton v. Merrill*, 582 F. Supp. 3d 924, 936-37 (N.D. Ala. 2022) (extending candidate qualification deadline); *Covington v. North Carolina*, 267 F. Supp. 3d 664, 668 (M.D. N.C. 2017) (waiving state constitutional residency requirement); *Larios v. Cox*, 305 F. Supp. 2d 1335, 1342-43 (N.D. Ga. 2004) (extending candidate qualifying period); *Moore v. Lee*, 644 S.W. 3d 59, 67 (Tenn. 2002) (extending candidate filing deadline). The Court should do the same here. In light of the recent changes to the City Council boundaries as

commanded by this Court, coupled with how those boundaries implicate candidate qualification requirements and deadlines associated with the March 2023 elections, Defendants submit that a waiver of the Jacksonville Charter's 183-day residency requirement is appropriate for the March 2023 elections only.

For the reasons stated above, Defendants therefore respectfully request the Court to waive the 183-day residency requirement laid out in section 5.04 of the Jacksonville Charter for those candidates who otherwise qualify to run in the March 2023 elections so long as the candidate resides in the district at the time of his or her qualification.

Respectfully submitted,

| **HOLTZMAN VOGEL BARAN TORCHINSKY & JOSEFIAK** | **OFFICE OF GENERAL COUNSEL CITY OF JACKSONVILLE** |
|---|---|
| **Mohammad O. Jazil** (FBN 72556) mjazil@holtzmanvogel.com zbennington@holtzmanvogel.com **Michael Beato** (FBN 1017715) mbeato@holtzmanvogel.com zbennington@holtzmanvogel.com 119 South Monroe Street, Suite 500 Tallahassee, FL 32301 (850) 270-5938 **Jason Torchinsky** (Va. BN 47481) (D.C. BN 976033) jtorchinsky@holtzmanvogel.com HOLTZMAN VOGEL BARAN TORCHINSKY & JOSEFIAK | */s/ Mary Margaret Giannini* **Mary Margaret Giannini** Assistant General Counsel Florida Bar No. 1005572 MGiannini@coj.net; SStevison@coj.net **Helen Peacock Roberson** Assistant General Counsel Florida Bar No.: 0016196 HRoberson@coj.net; CStephenson@coj.net 117 West Duval Street, Suite 480 Jacksonville, FL 32202 Phone: (904) 255-5100 |

| | |
|---|---|
| 15405 John Marshall Hwy<br>Haymarket, VA 20169<br>(540) 341-8808 | Facsimile: (904) 255-5120 |

*Attorneys for Defendants, City of Jacksonville and Mike Hogan, in his official capacity as Duval County Supervisor of Elections*

## Local Rule 3.01(g) Certification

Defendants' Counsel has conferred with Plaintiffs' Counsel, who are unopposed to the instant Motion.

*/s/ Mary Margaret Giannini*
*Counsel for Defendant*
