**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

JACKSONVILLE BRANCH
OF THE NAACP, et al.,

    Plaintiffs,

vs.                                           Case No. 3:22-cv-493-MMH-LLL

CITY OF JACKSONVILLE, et al.,

    Defendants.

_____/

**O R D E R**

**THIS CAUSE** is before the Court on Defendants' Unopposed Motion Seeking Waiver of Candidate Residency Requirements for March 2023 Elections (Doc. 104; Motion), filed on December 28, 2022. In the Motion, Defendants ask the Court "to waive the Jacksonville Charter 183-day residency requirement for individuals seeking to qualify as candidates in the March 2023 election, and instead require residency to be established as of the date of qualification." See Motion at 1 (citing Jacksonville, Fla., Charter § 5.04). Although the Motion is generally unopposed, Plaintiffs filed a response to the Motion stating their position that the requested relief should be limited to candidates "running for

the fourteen districted Council seats," and not the at-large seats. See Plaintiffs' Response to Defendants' Unopposed Motion Seeking Waiver of Candidate Residency Requirements (Doc. 105; Response). On January 3, 2023, Defendants filed a supplement to the Motion clarifying the scope of the waiver they seek. See Defendants' Unopposed Supplement to Motion Seeking Waiver of Candidate Residency Requirements for March 2023 Elections (Doc. 106; Supplement). Specifically, Defendants ask the Court to waive the 183-day residency requirement for the March 2023 election only as to individuals who seek to qualify as candidates for districts whose borders changed during the interim remedial phase of this litigation, specifically districts 2, 3, 7, 8, 9, 10, 11, 12, and 14. See Supplement at 1. Defendants do not request a waiver for any individual who seeks to qualify as a candidate for an at-large City Council seat or as a candidate for a district whose boundaries have not changed during this lawsuit. Id. at 2. Defendants represent that Plaintiffs are unopposed to the relief requested in the Supplement. Id. at 3.

The Jacksonville Charter provides that any candidate "for the office of member of the council from a district" must "have resided in and been a qualified elector of that district . . . for at least 183 consecutive days immediately before the date on which the candidate qualifies to run for the office of member of the council from a district . . . ." See Jacksonville, Fla., Charter § 5.04 (the 183-Day

Requirement).[1] According to Defendants, the candidate qualification time-period runs from noon on January 9, until noon on January 13, 2023. See Motion at 3. Thus, to meet the 183-Day Requirement, a candidate would have needed to establish his or her residency in the relevant district by mid-July 2022. However, as a result of this litigation, the district map that was in place at that time will not be used for the March 2023 election, see Order (Doc. 53), and instead, the Court has ordered the implementation of an interim remedial map, see Order (Doc. 101). As such, Defendants assert that they "face uncertainty as to who can satisfy the 183-day residency requirement for the March 2023 election," which "may result in challenges to candidate qualifications, thereby disrupting the upcoming election and the validity of its results." See Motion at 2, 4-6.

Upon due consideration, and absent any objection, the Court finds it appropriate to grant the Motion as supplemented. Given the potential for confusion and the need to effectuate the Court-ordered remedy without disruption to the upcoming election, the Court will exercise its equitable power to waive the 183-Day Requirement for any candidate seeking to qualify to run for the office of City Council member representing district 2, 3, 7, 8, 9, 10, 11,

---

[1] This section of the Charter also provides that City Council candidates must have resided in Duval County for 183 consecutive days prior to qualification. See id. The Court does not understand the City's Motion or Supplement to seek a waiver of that residency requirement.

12, or 14 in the March 2023 election.  See Larios v. Cox, 305 F. Supp. 2d 1335, 1342-43 (N.D. Ga. 2004); see also Covington v. North Carolina, 267 F. Supp. 3d 664, 668 (M.D.N.C. 2017).  The waiver will pertain only to the 183-day timeframe.  As such, any candidate who seeks to run for City Council in one of those districts must still satisfy the Charter's requirement that he or she reside in the relevant district at the time of his or her qualification.  In light of the foregoing, it is

**ORDERED:**

1. Defendants' Unopposed Motion Seeking Waiver of Candidate Residency Requirements for March 2023 Elections (Doc. 104), as supplemented by Defendants' Unopposed Supplement to Motion Seeking Waiver of Candidate Residency Requirements for March 2023 Elections (Doc. 106) is **GRANTED**.

2. The 183-day district residency requirement set forth in section 5.04 of the Jacksonville Charter is **waived** for any individual seeking to qualify to run for the office of member of the City Council from district 2, 3, 7, 8, 9, 10, 11, 12 or 14.  The waiver applies only to the 183-day timeframe itself.  As such, any candidate who seeks to run in one of those districts must still satisfy the Charter's requirement that he or she reside in the relevant district at the time of his or her qualification.  The other requirements of section 5.04, including the requirement that

a candidate must have resided in Duval County for at least 183 consecutive days prior to qualification, remain in force.

**DONE AND ORDERED** in Jacksonville, Florida this 4th day of January, 2023.

*Marcia Morales Howard*
MARCIA MORALES HOWARD
United States District Judge

lc11
Copies to:

Counsel of Record
Pro Se Parties