IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JACKSONVILLE BRANCH OF
THE NAACP, et al.,

    Plaintiffs,

v.

                              Case No. 3:22-cv-493-MMH-LLL

CITY OF JACKSONVILLE, et al.,

    Defendants.
_____/

## DEFENDANTS' RESPONSE TO COURT'S ORDER TO SHOW CAUSE

Defendants, City of Jacksonville, and Mike Hogan, in his official capacity as Duval County Supervisor of Elections, hereby respond to the Court's Order of March 3, 2023 (Doc. 121), directing Defendants to show cause why the claims of Plaintiff Haraka Carswell should not be dismissed without prejudice from this matter. As detailed below, Defendants have no cause for why Plaintiff Carswell should not be dismissed without prejudice.

## MEMORANDUM OF LAW

As relevant here, Plaintiff's counsel was unable to contact her for many months. Doc. 119. Accordingly, the Court granted Plaintiff's counsel's motion to withdraw from representing her. *Id*. Soon thereafter, Carswell contacted

1

her former counsel and indicated she wished to be removed from the case. Doc. 120. Former-plaintiff's counsel informed the Court and Defendants' counsel of the same. *Id.* This Court subsequently *sua sponte* ordered Defendants to show cause why Carswell should not be dismissed without prejudice from the case. Doc. 121.

Federal Rule of Civil Procedure 41(a)(2) provides the most appropriate analogue by which to determine whether the Court lacks cause to dismiss Carswell from this matter. The Rule directs that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. . . . Unless the order states otherwise, a dismissal under this paragraph . . . is without prejudice." FED. R. CIV. P. 41(a)(2).

> A district court considering a motion for a dismissal without prejudice should bear in mind principally the interests of the defendant, for it is the defendant's position that the court should protect. The purpose of the rule is primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions.

*McLaurine v. City of Auburn, Ala.*, No. 306-CV-1014-MEF, 2007 WL 1771386, at *1 (M.D. Ala. June 18, 2007) (internal quotations and citations omitted). "The decision of whether to grant a voluntary dismissal pursuant to Rule 41(a)(2) falls within the sound discretion of the district court." *Nevilles v. Waffle House, Inc.*, No. 1:19-CV-5782-MHC-JKL, 2021 WL 3417943, at *3 (N.D.

2

Ga. July 14, 2021). The Court would not abuse its discretion in dismissing Carswell from this action.

It must be noted, however, that should the Court dismiss Carswell from this matter, there is the potential that the Court will no longer have jurisdiction to address the question of whether the City Council, in passing Ordinance 2022-01-E, drew unconstitutional lines for District 12. Doc. 1 at ¶¶ 8-9 (Complaint). *See also Fla. Ass'n of Med. Equip. Dealers, Med.-Health Care v. Apfel*, 194 F.3d 1227, 1230 (11th Cir. 1999) (question of standing as a basis of court's jurisdiction can be addressed at any time). Nonetheless, and as addressed in more detail below, regardless of the jurisdictional question raised by Carwell's dismissal from this matter, Defendants would not be prejudiced by her absence. Nor would the Court's jurisdiction over the remaining claims in this action be compromised.

Presently, Carswell is the only plaintiff in this action who resides in District 12. *See* Complaint at ¶ 37. "Article III of the Constitution limits the subject-matter jurisdiction of federal courts to 'Cases' and 'Controversies.' U.S. Const. art. III, § 2." *Jacobson v. Fla. Sec'y of State*, 974 F.3d 1236, 1245 (11th Cir. 2020). In order for a case or controversy to exist, there must be a litigant who can prove "(1) an injury in fact that (2) is fairly traceable to the challenged action of the defendant and (3) is likely to be redressed by a favorable decision." *Id.* (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992)). Should the

Court dismiss Carswell from this action, there will no longer be an individual plaintiff with standing to challenge the boundaries of District 12.

Likewise, it appears none of the organizational plaintiffs have sufficiently alleged associational standing allowing them to seek redress for the alleged constitutional infirmities of District 12.  *See generally* Complaint at ¶¶ 17, 21, 25; *see also* Docs. 34-20 through 34-23.

> [A]n association has standing to bring suit on behalf of its members when: (a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit.

*Hunt v. Wa. State Apple Adver. Comm'n*, 432 U.S. 333, 343, (1977). Additionally, organizational plaintiffs must "make specific allegations establishing that at least one identified member had suffered or would suffer harm." *Summers v. Earth Island Inst.*, 555 U.S. 488, 498 (2009). *See also Ga. Repub. Party v. Sec. & Exch. Comm'n*, 888 F.3d 1198, 1204 (11th Cir. 2018) ("We did not relax the requirement that an organization name at least one member who can establish an actual or imminent injury."); *Am. Fed. of Govt. Employees v. Biden*, 567 F. Supp. 3d. 1155, 1165 (S.D. Fla. 2021) (associational standing requires organizational plaintiff to specifically allege a harmed member); *Glynn Env't Coalition v. Sea Island Acquisition LLC*, CV 219-050, 2021 WL 313626, at *2 (S.D. Ga. Jan. 29, 2021) (same) *vacated and remanded*

4

*on other grounds by* 26 F. 4th 1235 (11th Cir. 2022); *Jacobson*, 974 F.3d at 1249 (same). *Compare Do No Harm v. Pfizer Inc.*, 1:22-cv-07908, 2022 WL 17740157, at *8 (S.D. N.Y. Dec. 16, 2022) (noting various Courts of Appeals have ruled that associational standing requires the organizational plaintiff to name specific members, and listing cases); *Uptown Tent City Org. v. City of Chicago*, No. 17 C 4518, 2018 WL 2709431, at * (N.D. Ill. June 6, 2018) (same).

Here, none of the organizational plaintiffs identify a member who resides in District 12. *See* Complaint at ¶¶ 17, 21, 25, 28; Docs. 34-20 through 34-23. Without more, the organizational plaintiffs appear to lack standing to challenge District 12. *Compare Arcia v. Fla. Sec. of State*, 772 F. 3d 1335, 1341-43 (11th Cir. 2014) (organizational plaintiffs had standing where individually named plaintiffs were also members of organizations); *People First of Ala. v. Merrill*, 487 F. Supp. 3d 1237, 1247-48 (N.D. Ala. 2020) (organizational plaintiffs identified members harmed by the challenged government action, thus establishing standing). Therefore, in the absence of Plaintiff Carswell, the Court presently may not have jurisdiction over the claims relating to District 12. *But see Ala. Legis. Black Caucus v. Ala.*, 575 U.S. 254, 270-71 ("elementary principles of procedural fairness require[] that the District Court . . . give the [organizational plaintiffs] an opportunity to provide evidence of member residence.").

Defendants do not contend, however, that the aforementioned potential jurisdictional hurdle establishes cause for the Court not to dismiss Carswell from this action. Nor does the lack of a plaintiff with standing to challenge District 12 undermine the Court's ability to continue to adjudicate this matter. Individual plaintiffs remain in the litigation who have standing to challenge the other districts alleged to be unconstitutional, including plaintiffs in contested Districts 8, 10, and 14, which adjoin District 12. Nor are there any counts in Plaintiffs' Complaint that solely relate to District 12. *See e.g.*, Complaint at ¶¶ 31-32, 35-36, 38; Docs. 34-26, 34-30 – Doc. 34-32. Hence, even if the Court may lack jurisdiction to address claims regarding District 12, the Court continues to have jurisdiction to address the boundaries of Districts 8, 10 and 14. Accordingly, regardless of whether the Court has jurisdiction over the claims regarding District 12, Defendants will not be prejudiced if Carswell is dismissed from this action. *See McLaurine*, 2007 WL 1771386 at *1.

Defendants, therefore, have no cause to show why Plaintiff Carswell should not be dismissed from this action without prejudice.

Respectfully submitted,

| HOLTZMAN VOGEL BARAN TORCHINSKY & JOSEFIAK | OFFICE OF GENERAL COUNSEL CITY OF JACKSONVILLE |
|---|---|
| **Mohammad O. Jazil** (FBN 72556) mjazil@holtzmanvogel.com zbennington@holtzmanvogel.com | ***/s/ Mary Margaret Giannini*** **Mary Margaret Giannini** |

| | |
|---|---|
| **Michael Beato** (FBN 1017715)<br>mbeato@holtzmanvogel.com<br>zbennington@holtzmanvogel.com<br>119 South Monroe Street, Suite 500<br>Tallahassee, FL 32301<br>(850) 270-5938<br><br>**Jason Torchinsky** (Va. BN 47481)<br>(D.C. BN 976033)<br>jtorchinsky@holtzmanvogel.com<br>HOLTZMAN VOGEL BARAN<br>TORCHINSKY & JOSEFIAK<br>15405 John Marshall Hwy<br>Haymarket, VA 20169<br>(540) 341-8808 | Assistant General Counsel<br>Florida Bar No. 1005572<br>MGiannini@coj.net;<br>SStevison@coj.net<br>**Helen Peacock Roberson**<br>Assistant General Counsel<br>Florida Bar No.: 0016196<br>HRoberson@coj.net;<br>CStephenson@coj.net<br>117 West Duval Street, Suite 480<br>Jacksonville, FL 32202<br>Phone: (904) 255-5100<br>Facsimile: (904) 255-5120 |

*Attorneys for Defendants, City of Jacksonville and Mike Hogan, in his official capacity as Duval County Supervisor of Elections*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 22nd day of March, 2023, a copy of this document was sent to plaintiff Haraka Carswell, 7777 Normand Boulevard, Apt. 215, Jacksonville, FL 32221.

*/s/ Mary Margaret Giannini*
*Counsel for Defendant*