IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JACKSONVILLE BRANCH OF
THE NAACP, et al.,
    Plaintiffs,

v.

Case No. 3:22-cv-493-MMH-LLL

CITY OF JACKSONVILLE, et al.,
    Defendants.
_____/

**JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT**

    Plaintiffs, Jacksonville Branch of the NAACP, Northside Coalition of Jacksonville, Inc., ACLU of Florida Northeast Chapter, Florida Rising Together, Inc., Marcella Washington, Ingrid Montgomery, Ayesha Franklin, Tiffanie Roberts, Rosemary McCoy, Sheila Singleton, Eunice Barnum, Janine Williams, and Dennis Barnum, and Defendants, City of Jacksonville, and Mike Hogan, in his official capacity as Duval County Supervisor of Elections, hereby move for approval of the settlement agreement between the parties in this action, and respectfully request the relief set forth below.  In support thereof, the Parties state as follows:

    1.    On May 3, 2022, Plaintiffs filed their Complaint against the Defendants alleging that Ordinance 2022-01-E (the "Enacted Plan"), which redrew the Jacksonville City Council and Duval County School Board districts

for the next decade, violated the Equal Protection Clause of the Fourteenth Amendment and the Jacksonville City Charter.  ECF 1.

2. On October 12, 2022, as connected with Plaintiffs' request that the Court preliminarily enjoin Defendants from using the Enacted Plan in upcoming elections, and after considering the evidence submitted alongside the preliminary injunction briefing, the Court found that Plaintiffs have demonstrated a substantial likelihood of success on the merits of their Equal Protection Clause constitutional allegations, and granted an injunction in Plaintiffs' favor on their racial gerrymandering claim preliminarily enjoining the Enacted Plan, and ordering the City to draw new district lines "in a manner that comport[ed] with the Constitutional mandate of the Equal Protection Clause."  ECF 53.

3. On November 4, 2022, and in response to the Court's October 12, 2022, preliminary injunction order, the Jacksonville City Council passed Ordinance 2022-800-E containing its proposed interim remedial plan, to which Plaintiffs submitted objections.  ECF 67-01; 90.

4. On December 19, 2022, this Court entered its remedial order sustaining Plaintiffs' objections and ordering Defendants to use "P3," one of the Plaintiffs' proposed alternative interim remedies, beginning with the regular 2023 Council and 2024 School Board elections.  ECF 101.

5. On December 23, 2022, Defendants appealed the Court's remedial Order and selection of P3. The appeal is currently pending before the Eleventh Circuit Court of Appeals. ECF 102.[1]

6. The Parties wish to avoid the cost, risk, and uncertainty associated with further litigation, and have reached a compromise resolving this matter through the Settlement Agreement attached as Exhibit A.[2]

7. In the Settlement Agreement, the Parties acknowledged that this Court determined it was substantially likely that the Enacted Plan violated the Equal Protection Clause of the Fourteenth Amendment.

8. If the Court approves the Settlement Agreement, the Parties request that, in accordance with Section 4 of the same, this Court enter a Final Judgment: (1) approving the Agreement, (2) adopting P3 as the City's final redistricting plan for the 2020 decennial census; (3) requiring Defendants to use P3 until redistricting is required by Section 5.02 and 13.03 of the Charter

---

[1] On April 6, 2023, in light of the Parties' notification to the Court of Appeals that the Parties were in the process of reaching a settlement agreement, the appellate court ordered the proceedings before it to be held in abeyance. *Jacksonville Branch of the NAACP, et al v. City of Jacksonville*, 3:22-cv-493-MMH-LL (M.D. Fla. Dec. 19, 2022), 2022 WL 17751416 *appeal docketed*, No. 22-14260, doc. 33.

[2] On May 9, 2023, the City of Jacksonville City Council approved the attached Settlement Agreement pursuant to Ordinance 2023-281. The Ordinance approving the Settlement Agreement acknowledges that this Court found it was substantially likely that the Enacted Plan violated the Equal Protection Clause of the Fourteenth Amendment. *See* Exhibit B. Additionally, Defendants have ceased their appellate challenge to the Court's determination on that question. *Jacksonville Branch of the NAACP, et al v. City of Jacksonville*, 3:23-cv-493-MMH-LLL (M.D. Fla. Oct. 12, 2022), 2022 WL 7089078 appeal docketed, No. 22-13544, doc. 40.

of the City of Jacksonville and Section 18 of the Ordinance Code of the City of Jacksonville, unless otherwise ordered by court of law; and (4) dismissing this action with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2).

9.  As part of the Settlement Agreement, the Parties further request that the Court retain jurisdiction as set forth in Section 8 of the Settlement Agreement to: (1) adjudicate Plaintiffs' potential request, to be made through a subsequent motion and subject to objections by Defendants, that the Court order special elections for School Board Districts 4 and 6, to be held concurrent with the regular 2024 elections, and (2) enforce the provisions of the Settlement Agreement.

## **MEMORANDUM OF LAW**

The Parties have settled this litigation and related appellate matters through the attached Settlement Agreement and respectfully request the Court enter a final judgment embodying the Parties' agreed upon settlement terms. The "intervention of a federal court into matters typically reserved to [the City,]" and the Court's entry of a final judgment incorporating the relief requested in the Parties' Settlement Agreement, is permitted. *Scott v. U.S. Dep't of Just.,* 920 F. Supp. 1248, 1252 (M.D. Fla. 1996). *See also generally Lawyer v. U.S. Dep't of Just.,* 521 U.S. 567, 575–78 (1997); *Ala. Disabilities Advoc. Program v. Wood*, 584 F. Supp. 2d 1314, 1315–16 (M.D. Ala. 2008); *DEG, LLC v. Twp. of Fairfield*, 939 A.2d 261, 266–67 (N.J. Super. Ct. App. Div.

2007). Courts should ensure that a settlement agreement is reasonable, fair, and constitutional. *See Stovall v. City of Cocoa,* 117 F.3d 1238, 1242 (11th Cir. 1997). In entering such an order approving of the same, courts recognize the "law's policy of encouraging settlement." *See generally In re: Tutu Water Wells CERCLA Litig.,* 326 F.3d 201, 207 (3d Cir. 2003).

The Parties have agreed to settle this action. Among the pertinent terms in the Settlement Agreement, the Parties have acknowledged this Court's determination that the Plaintiffs, in the course of litigating their Motion for Preliminary Injunction, made a substantial showing of likely success on the merits of their constitutional claims; Defendants have relinquished their rights to challenge this Court's rulings regarding the Enacted Plan's constitutionality as well as the basis for the Court's selection of P3 as an interim remedial map; Defendants have agreed to use P3 as the restricting map for the 2020 decennial census term; and the Parties have agreed that Plaintiffs are entitled to costs and attorneys' fees of $100,000.00. The Parties now ask the Court to enter an order embodying the terms of their agreement.

As set forth in the Court's preliminary injunction order, ECF 53, the record contains sufficient factual and legal grounds to support the contention that Plaintiffs have raised a colorable constitutional claim under the Equal Protection Clause relating to the City's Enacted Plan. *Lawyer,* 521 U.S. at 573; *Scott,* 920 F. Supp. at 1252; *see also Midtown Hosp. v. Miller*, 36 F. Supp. 2d

5

1360, 1369 (N.D. Ga. 1997) (governmental defendants had authority to enter proposed stipulation upon Court finding that Plaintiffs presented a colorable constitutional argument). The same is acknowledged by the Parties in the Settlement Agreement, and by Defendants in the Ordinance adopting the same.

The Parties further recognize that their individual best interests, as well as the best interests of the citizens of Jacksonville, Florida, are served by a resolution of this matter. Resolution eliminates any further cost, risk, and uncertainty associated with future trial court proceedings and associated appellate matters, as well as foreclosing any possible electoral confusion created by the litigation's current procedural posture. Accordingly, the Parties, through settlement authority vested in their counsel, sought to resolve this litigation through the attached Settlement Agreement. *See Midtown*, 36 F. Supp. 2d at 1339; *Scott*, 920 F. Supp. at 1252.

Pursuant to that agreement, the Parties have voluntarily agreed to certain terms and conditions that resolve the claims raised in Plaintiffs' Complaint, including their constitutional Equal Protection claim, over which the Court undeniably has subject matter jurisdiction. *Local No. 93*, *Int'l Ass'n of Firefighters, AFL-CIO, C.L.C., v. City of Cleveland*, 478 U.S. 525 (1986). The Parties' agreed-upon settlement terms also fall well within the scope of the pleadings. *Id*. Likewise, the settlement terms advance the objectives of the

6

constitutional claims upon which Plaintiffs based their Complaint, whereby the settlement implements a redistricting plan proffered by Plaintiffs and previously adopted by this Court as an interim remedy. *Id.*

Moreover, the proposed settlement terms are reasonable, fair and constitutional. *Stovall,* 117 F.3d at 1242. As referenced above, the Parties have agreed to utilize P3 – the remedial plan implemented by this Court and used during the City's 2023 municipal elections – as the City's redistricting plan for the remaining 2020 census term. This Court has ruled that P3 "address[ed] the constitutional infirmities of the Enjoined Plan on a structural level," "most closely adhere[d] to the legitimate redistricting criteria advocated by the City Council and requested by the public," and did "not violate any other constitutional or statutory requirement." ECF 101 at 49–50, 53. The Court also found that P3 complied with Section 5.02(a) of the Charter of the City of Jacksonville, yielding "compact districts that [would] improve the accountability of the elected representatives, the ability of constituents to organize within their districts, and improve voter access to their representatives." *Id.* at 51–52.

Finally, as a part of the Settlement Agreement, the Parties request that the Court retain jurisdiction over this matter for the limited purposes of (1) adjudicating Plaintiffs' potential request, to be made through a subsequent motion and subject to objections by Defendants, that the Court order special

7

elections for School Board Districts 4 and 6, to be held concurrent with the regular 2024 elections, and (2) enforcing the provisions of the Settlement Agreement. An express retention of jurisdiction and incorporation of the terms of the Parties' settlement agreement is a proper exercise of a court's ancillary jurisdiction to enforce its orders. *See Doe ex rel Doe v. Sch. Bd. for Santa Rosa Cnty.*, 711 F. Supp. 2d 1320, 1324 (N.D. Fla. 2020). *See also Kokkonen v. Guardian Life. Ins. Co. of Am.*, 511 U.S. 375, 381 (1994) ("If the parties *wish* to provide for the court's enforcement of a dismissal-producing settlement agreement, they can seek to do so." (emphasis in original)). A dismissal pursuant to Federal Rule of Civil Procedure 41(a)(2) is an appropriate mechanism for the Court to dismiss the action pursuant to the Parties' agreement while also retaining jurisdiction. *See Absolute Activist Value Master Fund Ltd. v. Devine*, 998 F.3d 1258, 1268 (11th Cir. 2021); *Am. Disability Ass'n, Inc. v. Chmielarz*, 289 F.3d 1315, 1320 (11th Cir. 2002).

Accordingly, the Parties request that the Court approve the Settlement Agreement and enter a final judgment in accordance with Section 4 of the same.

WHEREFORE, Plaintiffs and Defendants respectfully request that the Court grant this Motion seeking approval of the Settlement Agreement, and enter Final Judgment:

1. Approving the Settlement Agreement;

2. Ordering Defendants to employ P3 as the City of Jacksonville's redistricting plan for the 2020 decennial census term;

3. Requiring the Defendants to use P3 until redistricting is required by Sections 5.02 and 13.03 of the Charter of the City of Jacksonville and Section 18 of the Ordinance Code of the City of Jacksonville, unless otherwise ordered by court of law;

4. Retaining jurisdiction to: (a) adjudicate Plaintiffs' potential request, to be made through a motion, that the Court order special elections for School Board Districts 4 and 6, to be held concurrent with the regular 2024 elections, and (b) enforce the provisions of the Settlement Agreement; and

5. Dismissing this action with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2).

Respectfully submitted on this 12th day of May, 2023.

| /s/ Daniel J. Hessel | **OFFICE OF GENERAL COUNSEL CITY OF JACKSONVILLE** |
|---|---|
| Nicholas Warren (FBN 1019018) **ACLU FOUNDATION OF FLORIDA, INC.** 336 East College Avenue, Ste. 203 Tallahassee, FL 32301 (786) 363-1769 nwarren@aclufl.org  Daniel B. Tilley (FBN 102882) Caroline A. McNamara (FBN 1038312) **ACLU FOUNDATION OF FLORIDA, INC.** 4343 West Flagler Street, Ste. 400 | /s/ Mary Margaret Giannini **Mary Margaret Giannini** Assistant General Counsel Florida Bar No. 1005572 MGiannini@coj.net; SStevison@coj.net **Helen Peacock Roberson** Assistant General Counsel Florida Bar No.: 0016196 HRoberson@coj.net; CStephenson@coj.net 117 West Duval Street, Suite 480 |

9

| | |
|---|---|
| Miami, FL 33134<br>(786) 363-2714<br>dtilley@aclufl.org<br>cmcnamara@aclufl.org<br><br>Daniel J. Hessel* ‡<br>Ruth Greenwood*<br>Theresa J. Lee*<br>Nicholas Stephanopoulos*<br>**ELECTION LAW CLINIC**<br>**HARVARD LAW SCHOOL**<br>6 Everett Street, Ste. 4105<br>Cambridge, MA 02138<br>(617) 495-5202<br>dhessel@law.harvard.edu<br>rgreenwood@law.harvard.edu<br>thlee@law.harvard.edu<br>nstephanopoulos@law.harvard.edu<br><br>Krista Dolan (FBN 1012147)<br>Matletha Bennette (FBN 1003257)<br>**SOUTHERN POVERTY LAW CENTER**<br>P.O. Box 10788<br>Tallahassee, FL 32301-2788<br>(850) 521-3000<br>krista.dolan@splcenter.org<br>matletha.bennette@splcenter.org<br><br>Bradley E. Heard*<br>Jack Genberg*<br>**SOUTHERN POVERTY LAW CENTER**<br>150 East Ponce de Leon Ave., Ste. 340<br>Decatur, GA 30030<br>(404) 521-6700<br>bradley.heard@splcenter.org<br>jack.genberg@splcenter.org<br>*Attorneys for Plaintiffs*<br>*\* Special admission*<br>*‡ Federal practice only* | Jacksonville, FL 32202<br>Phone: (904) 255-5100<br>Facsimile: (904) 255-5120<br><br>**HOLTZMAN VOGEL BARAN TORCHINSKY & JOSEFIAK**<br><br>**Mohammad O. Jazil** (FBN 72556)<br>mjazil@holtzmanvogel.com<br>zbennington@holtzmanvogel.com<br>**Michael Beato** (FBN 1017715)<br>mbeato@holtzmanvogel.com<br>zbennington@holtzmanvogel.com<br>119 South Monroe Street, Suite 500<br>Tallahassee, FL 32301<br>(850) 270-5938<br><br>**Jason Torchinsky** (Va. BN 47481)<br>(D.C. BN 976033)<br>jtorchinsky@holtzmanvogel.com<br>HOLTZMAN VOGEL BARAN TORCHINSKY & JOSEFIAK<br>15405 John Marshall Hwy<br>Haymarket, VA 20169<br>(540) 341-8808<br><br><br>*Attorneys for Defendants,*<br>*City of Jacksonville and Mike Hogan, in his official capacity as Duval County Supervisor of Elections* |