**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

JACKSONVILLE BRANCH
OF THE NAACP, et al.,

    Plaintiffs,

vs.                                Case No. 3:22-cv-493-MMH-LLL

CITY OF JACKSONVILLE, et al.,

    Defendants.

_____/

**O R D E R**

    **THIS CAUSE** is before the Court on the Joint Motion for Approval of Settlement Agreement (Doc. 128; Joint Motion), filed on May 12, 2023. In the Joint Motion, the parties state that they have reached a settlement resolving the claims raised in this action in full. See Motion at 1, Ex. A: Settlement Agreement (Doc. 128-1; Settlement). The parties ask the Court to enter a final judgment approving the Settlement; directing the implementation of its terms; retaining jurisdiction to enforce the Settlement and resolve a collateral issue if necessary; and dismissing the action with prejudice. See Motion at 8-9, Ex. A: Settlement Agreement (Doc. 128-1). All parties agree to the terms of the Settlement and the City Council, on whom the City Charter places the redistricting authority, has passed an ordinance approving and ratifying the

Settlement and implementing its terms upon Court approval. See Joint Motion at 3 n.2, Ex. B; see also Jacksonville City Charter §§ 5.02, 13.03. No interested third parties have sought to intervene in this case or object to the Settlement. The Court held a hearing on the Joint Motion on May 26, 2023, at which all parties appeared via Zoom. See Minute Entry (Doc. 130). At the hearing, the Court questioned the meaning of a sentence in one provision of the Settlement. To clarify the terms of the Settlement, all parties agreed to the removal of the problematic sentence as it was included in error. For the reasons that follow, the Court will grant the Joint Motion and enter a final judgment approving the Settlement, as revised.

Because the parties ask the Court to approve the Settlement and retain jurisdiction to enforce it, the request here is in the nature of a consent decree. See Am. Disability Ass'n, Inc. v. Chmielarz, 289 F.3d 1315, 1320 (11th Cir. 2002). "District courts should approve consent decrees so long as they are not unconstitutional, unlawful, unreasonable, or contrary to public policy." See Stovall v. City of Cocoa, Fla., 117 F.3d 1238, 1240 (11th Cir. 1997). Significantly, where a settlement "'reaches into the future and has continuing effect,'" the Court must carefully ascertain not only whether "'it is a fair settlement but also that it does not put the court's sanction on and power behind a decree that violates Constitution, statute, or jurisprudence.'" Id. at 1242 (quoting United States v. City of Miami, Fla., 664 F.2d 435, 440-41 (5th Cir.

1981)).[1]  Moreover, where a decree "'also affects third parties, the court must be satisfied that the effect on them is neither unreasonable nor proscribed.'" Id.

Here, as in Stovall, the Settlement is not "an ordinary, private settlement." Id. at 1243.  Rather, the Settlement will maintain Plaintiffs' Remedial Plan 3 (P3) as the City of Jacksonville's electoral map for the remainder of this decade, affecting the rights of Jacksonville voters for years to come.  See Settlement, Ex. 1; see also Order (Doc. 101; Remedial Order) at 48-55.  As such, the undersigned's inquiry "must be more than perfunctory." Stovall, 117 F.3d at 1244.  But significantly, unlike Stovall, the Court's review of the Settlement is informed by the substantial procedural history in this case. On October 12, 2022, the Court entered an Order granting Plaintiffs' motion for a preliminary injunction, and on December 19, 2022, the Court sustained Plaintiffs' objections to the City's remedial plan and directed the implementation of P3 as the Court's Interim Remedial Plan.  See generally Order (Doc. 53); Remedial Order at 58-59.  In doing so, the Court reviewed ample evidence and made extensive, albeit preliminary, findings about the factual and legal issues in this lawsuit.  Thus, the Court has an adequate

---

[1] Although decided after October 1, 1981, City of Miami is binding precedent in the Eleventh Circuit "because it was decided by the full en banc court of the former Fifth Circuit." See Stovall, 117 F.3d at 1243 n.4 (citing Stein v. Reynolds Securities, Inc., 667 F.2d 33, 34 (11th Cir. 1982)).

record upon which to determine whether to accept the Settlement and is fully acquainted with the factual and legal issues giving rise to this case. Upon careful consideration, and for all the reasons stated in the Court's prior Orders, the undersigned is fully convinced that the Settlement is fair, reasonable, and lawful, both as to the parties involved and as to the broader citizenry impacted by its terms. In light of the foregoing, it is

**ORDERED:**

1. The Joint Motion for Approval of Settlement Agreement (Doc. 128) is **GRANTED**.

2. The Court will enter final judgment approving the Settlement Agreement <u>as revised</u>.

**DONE AND ORDERED** in Jacksonville, Florida this 30th day of May, 2023.

_____
MARCIA MORALES HOWARD
United States District Judge

lc11
Copies to:

Counsel of Record

- 4 -