IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JACKSONVILLE BRANCH OF
THE NAACP, et al.,
    Plaintiffs,

Case No. 3:22-cv-493-MMH-LLL

v.

CITY OF JACKSONVILLE, et al.,
    Defendants.
_____/

## UNOPPOSED MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFFS' MOTION TO ORDER SPECIAL ELECTIONS FOR DUVAL COUNTY SCHOOL BOARD DISTRICTS 4 AND 6

Defendants City of Jacksonville, and Mike Hogan[1], in his official capacity as Duval County Supervisor of Elections (collectively "Defendants"), pursuant to Rule 6(b), Federal Rules of Civil Procedure, move for an extension of time through and including July 28, 2023, to file their response to Plaintiffs' Motion to Order Special Elections for Duval County School Board Districts 4 and 6. (Doc. 134; the "Motion for Special Elections"). In support thereof, Defendants state the following:

1. On April 19, 2023, the parties entered into a settlement agreement, which was subsequently approved by City Council on May 9, 2023.

---

[1] Pursuant to Rule 25, Federal Rules of Civil Procedure, Jerry Holland, in his official capacity, is automatically substituted for Mike Hogan as the Duval County Supervisor of Elections.

2. The settlement agreement, among other things, requested that the Court retain jurisdiction to adjudicate Plaintiffs' potential request that the Court order special elections for School Board Districts 4 and 6, which would be made through a motion filed within 30 days of the Court's approval of the settlement agreement. (Doc. 128-1, pp. 4-5).

3. On May 30, 2023, the Court entered an Order approving the parties' settlement agreement, thereby setting June 29, 2023, as Plaintiffs' deadline to file any motion for special School Board district elections. (Doc. 131).

4. On June 27, 2023, Plaintiffs filed their Motion for Special Elections. (Doc. 134).

5. Pursuant to Middle District of Florida Local Rule 3.01(c), Defendants have fourteen days to respond to Plaintiffs' motion, that date being July 11, 2023.

6. Defendants' counsel have numerous previously scheduled professional obligations, along with an intervening Federal holiday, as well as pre-planned family trips between the date of Plaintiffs' filing their Motion, and the July 11, 2023 response deadline. In light of these various obligations, Defendants would be limited in their ability to complete their review and analysis of Plaintiffs' Motion, and file a response by the current deadline of July 11, 2023.

7. In addition, a new Mayor and Supervisor of Elections were sworn into office on July 1, 2023, and staff in both of these offices are changing. At this time, counsel is unsure which staff members they may need to confer with during this transition, and who those specific employees might be.

8. Counsel will also need to confer with the affected School Board members, working in conjunction with any previously scheduled summer travel schedules of those individuals.

9. Finally, counsel will require time to consult with its expert witnesses, in an effort to evaluate and respond to Plaintiffs' attached expert report, again, working in conjunction with any previously scheduled summer travel schedules of those individuals.

10. As such, Defendants respectfully request an extension of time through and including July 28, 2023, to file their response to the Motion for Special Elections.

11. The relief requested in this Motion is not advanced for purposes of delay, nor will a brief extension of time prejudice any party to this action.

12. Finally, Plaintiffs do not oppose this requested extension of time.

## **MEMORANDUM OF LAW**

This Court should grant Defendants' request for an extension of time to file their response to the Motion for Special Elections. This Court has broad discretion to enlarge the time within which Defendants shall have to respond.

*See Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 895-6 (1990).  Rule 6(b)(1) of the Federal Rules of Civil Procedure provides in pertinent part:

> When an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

Fed. R. Civ. P. 6(b)(1).  Thus, the Court, in its discretion, may order the period for filing a response extended if a request is made, as here, before the expiration of the period originally prescribed.  The standard is a liberal one, and "an application for enlargement of time under Rule 6(b)(1) will normally be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party." 4b CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE, § 1165, at 552 (3d ed. 2002); *see also Johnston v. Dowling*, 765 F.2d 145 (6th Cir. 1985) (citation omitted; "[t]his court believes that Rule 6(b) … must be liberally construed in order that litigants be given opportunity to be heard, and given their day in court so that justice may be served.")).

For the reasons discussed above, Defendants have cause for the requested extension.  Defendants do not seek this extension in bad faith or for the purpose of delay and no party will be prejudiced if the Court grants this extension.

WHEREFORE, Defendants, the City of Jacksonville and the Duval County Supervisor of Elections, request that this Court enter an Order granting their Motion for Extension of Time to Respond to Plaintiffs' Motion to Order Special Elections for Duval County School Board Districts 4 and 6 through and including July 28, 2023.

### 3.01(g) Conferral

Counsel for the City conferred with Plaintiffs' counsel regarding this Motion and the proposed extension of time and Plaintiffs' counsel does not oppose the relief sought herein.

Respectfully submitted this 3rd day of July, 2023.

| HOLTZMAN VOGEL BARAN TORCHINSKY & JOSEFIAK | OFFICE OF GENERAL COUNSEL CITY OF JACKSONVILLE |
|---|---|
| **Mohammad O. Jazil** (FBN 72556) mjazil@holtzmanvogel.com zbennington@holtzmanvogel.com **Michael Beato** (FBN 1017715) mbeato@holtzmanvogel.com zbennington@holtzmanvogel.com 119 South Monroe Street, Suite 500 Tallahassee, FL 32301 (850) 270-5938 **Jason Torchinsky** (Va. BN 47481) (D.C. BN 976033) jtorchinsky@holtzmanvogel.com HOLTZMAN VOGEL BARAN TORCHINSKY & JOSEFIAK 15405 John Marshall Hwy Haymarket, VA 20169 (540) 341-8808 | */s/ Mary Margaret Giannini* **Mary Margaret Giannini** Assistant General Counsel Florida Bar No. 1005572 MGiannini@coj.net; SStevison@coj.net **Helen Peacock Roberson** Assistant General Counsel Florida Bar No.: 0016196 HRoberson@coj.net; CStephenson@coj.net 117 West Duval Street, Suite 480 Jacksonville, FL 32202 Phone: (904) 255-5100 Facsimile: (904) 255-5120 |

*Attorneys for Defendants, City of Jacksonville and Mike Hogan, in his official capacity as Duval County Supervisor of Elections*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 3rd day of July, 2023, a copy of this document was filed electronically through the CM/ECF system and furnished by email to all counsel of record.

*/s/ Mary Margaret Giannini*
*Counsel for Defendant*