IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

CARLTON SMITH,
on behalf of himself and
all others similarly
situated,

    Plaintiff,

vs.                              MCA 86-2100-RV

THE CALHOUN COUNTY, FLORIDA
SCHOOL BOARD; DON A. O'BRYAN;
CLIFFORD NEWSOME; DOUG PRICE;
RONNY HAND; EUNICE HILL; in
their official capacity as
members of the CALHOUN COUNTY
SCHOOL BOARD, FLORIDA.

    Defendants.
_____/

## CONSENT JUDGMENT

On May 5, 1986 the above named Plaintiff filed a Complaint against the above named Defendants alleging that the at-large county-wide voting for members of the Calhoun County School Board, Calhoun County, Florida excludes black representation and participation and dilutes the voting strength of black citizens of Calhoun County, in violation of Plaintiff's rights as secured by the Voting Rights Act of 1965, as amended, 42 U.S.C. §1973 and the Civil Rights Act of 1871, 42 U.S.C. §1983.

EXHIBIT "A"

The Court, having reviewed the status of the action, and being aided by the recommendations of the Plaintiff's and Defendants' counsel, and being of the opinion that the best interests of all parties and all citizens of Calhoun County, Florida, would be served by approving this Consent Judgment, finds that said Judgment was entered into voluntarily by the parties, that it is a fair and reasonable settlement of this case, and that it should be approved.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

1. This decree extends to all issues regarding liability and remedy as set forth in the Complaint in this matter.

2. The class proposed by the Plaintiff is as follows:

> All black United States citizens who are residents of Calhoun County, Florida.

The prerequisites of Fed.R.Civ.P. 23(a) have been met:

(1) The class has approximately 1,132 persons in it. Numerosity is established.

(2 & 3) The Plaintiff's claims of vote dilution and illegality of the at-large election system are common with and typical of the claims of the class.

(4) The Plaintiff is an adequate class representative as demonstrated by his willingness to bring this action, by his ability to secure counsel expert in this area to prosecute it, and by his having successfully settled the case and securing full relief for the class.

In light of the above, the Court certifies the class as defined above.

3. This Court has jurisdiction over the suject matter of this action and the parties thereto.

4. That pursuant to relevant Florida constitutional and statutory provisions, all members of the Calhoun County School Board have been and are currently elected through county-wide at-large elections.

5. That due to a series of factors, including a past history of official racial discrimination in the State of Florida and certain social economic conditions of black citizens in Calhoun County, the at-large election system for the Calhoun County School Board employing partisan elections with party primaries having a majority vote runoff requirement, numbered places and anti-single shot voting requirements has the effect of diluting and minimizing the voting strength of black citizens of Calhoun County and thereby denying black citizens of Calhoun County an equal opportunity to participate in the political process and to elect candidates of their own choice, in violation of the Plaintiffs' rights as secured by, <u>inter alia</u>, the Voting Rights Act of 1965, as amended.

6. Defendants are hereby enjoined from providing future county-wide at-large elections for Calhoun County School Board members.

7. The parties further agree to establish a new election system consisting of five single-member districts. The boundaries for the five respective single-member districts are set forth in Exhibit 1, attached.

8. The population totals for the five districts are as follows:

>District 1: 1,788
>District 2: 1,898
>District 3: 1,961
>District 4: 1,874
>District 5: 1,751

9. The terms of office of the persons who are now serving as members of the Calhoun County School Board for Districts 2, 3, 4, and 5 shall expire on the second Tuesday following the general election to be held in November of 1986. Districts 2, 3, and 5 shall run for new four year terms and District 4 shall run for a two-year term under the single-member district plan to be implemented in 1986. The regular scheduled four year term for District 4 will commence beginning after the fall 1988 elections. The term of office of the person who is now serving as member of the Calhoun County School Board for District 1 shall expire on the second Tuesday following the general election to be held in November of 1988, and he, along with the person serving in District 4, shall run for a new four year term under the single-

member district plan in 1988.

10. The nomination of candidates by each political party holding a primary election during any election year beginning in 1986 shall be by vote of only the qualified electors residing in the member district in which the candidate for that district must also reside. No qualified elector may vote in the general election for a candidate residing in any other member resident's district.

11. As the prevailing party in this action, Plaintiff is entitled, pursuant to the Voting Rights Act of 1965, as amended, 42 U.S.C. Sec. 1973L(e), and the Civil Rights Attorney Fees Award Act of 1976, 42 U.S.C. §1988, to an award of attorney fees and litigation expense reimbursement. The parties shall endeavor to resolve this issue amicably, and if unable to do so, the Court will determine the amount after the appropriate motion is filed by Plaintiff.

12. The Court shall retain jurisdiction of this action for a period of not less than five (5) years following implementation of the single-member district plan described above.

DONE AND ORDERED this 25th day of June, 1986.

ROGER VINSON
United States District Judge

5

Consent to the entry of this Judgment is hereby given for the parties by undersigned counsel:

_____  
THOMAS A. WARREN  
Spriggs & Warren, P.A.  
117 S. Martin Luther King  
Tallahassee, Florida 32301  
(904) 224-8700  

Counsel for Plaintiff

_____  
DAVID HOUSE  
McClellan & House, P.A.  
119 River Street  
Blountstown, FL  32424  
(904) 674-5481  

Counsel for Defendants